783 So.2d 331 (2001)
Mason DUDEK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2295.
District Court of Appeal of Florida, Fifth District.
April 20, 2001.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Dudek entered a plea in several cases in which the parties were working with the 1995 guidelines and apparently agreed to a sentence in the bottom portion of the guidelines. He was sentenced to 85 months in each case to run concurrently with each other and this met that condition of the plea. Dudek then received Heggs relief and the matter was remanded for resentencing. The court determined that in four of the cases Dudek was entitled to no relief because he did not meet the conditions of Heggs that his original sentence would have been a departure from the 1994 guidelines. The trial court merely reinstated his original sentences in these cases and we affirm.
As to the remaining case, the court reduced the sentence from 85 months to 53.75 months, the high end of the 1994 guidelines. Dudek urges that he is entitled to either be sentenced to the low end of the 1994 guidelines or be permitted to withdraw his plea. We disagree. He and the State originally agreed to a sentence at the low end of the 1995 guidelines. There was no question raised at that time as to the validity of those guidelines. It was thus contemplated at the time of his plea that he would be sentenced to 85 months in prison. He was and continues to be. It is the invalidity of the 1995 guidelines, and not his plea agreement, that required the judge to reduce one of his sentences. Reducing *332 his sentence to conform to the 1994 guidelines is all that Dudek is entitled to at his Heggs resentencing.
We reject Dudek's additional argument that the court erred when it did not require that the new sentencing be conducted by the judge who handled the original sentencing. Four years had passed and the original judge was no longer in the criminal division. No error occurred by having a newly assigned judge handle the matter.
AFFIRMED.
COBB and PALMER, JJ., concur.