798 So.2d 814 (2001)
Shawn Adam BANCK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-8.
District Court of Appeal of Florida, Fifth District.
October 26, 2001.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
This is yet another case involving the relationship of the decision of the Supreme Court of Florida in Heggs v. State, 759 So.2d 620 (Fla.2000) and a defendant's plea agreement. Previously, the lower court ordered resentencing pursuant to Heggs because defendant, Shawn Adam Banck's ["Banck]" sentence under the 1995 guidelines would have been a departure sentence under the 1994 guidelines. At resentencing, the State presented a scoresheet prepared in accordance with the 1994 guidelines. The scoresheet reflected a sentencing range of between 39.9 and 66.5 months of imprisonment for the relevant offense, which was burglary of a dwelling. The trial court sentenced Banck to the high end of the permitted range 66.5 months of imprisonment. His previous sentence had been 75.6 months under the 1995 guidelines. Banck objected to the sentence, urging that he had originally bargained with the State for a sentence at the "bottom end" of the guidelines and, accordingly, that agreement should be honored. The record reflects that the 1995 guidelines scoresheet showed a sentencing range of between 75.6 months and 126 months.
On appeal, Banck reiterates his argument that he had an agreement with the State for a low-end guidelines sentence and that it was error not to resentence him to the low end of the 1994 guidelines. The transcript of the original sentencing hearing is, however, unclear as to the basis for the parties' agreement. It appears that the State had the number of months Banck would serve very much in mind, but there is also reference to "bottom of the guidelines." It is clear that both parties were bargaining in the belief that the 1995 guidelines were controlling. Accordingly, Banck is not entitled to the relief on appeal he seeks. He is only entitled to a *815 sentence conforming to the 1994 guidelines. Dudek v. State, 783 So.2d 331 (Fla. 5th DCA 2001). We do not decide whether other relief based on mutual mistake or involuntary plea might be available. Compare Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) with Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000), review granted, 791 So.2d 1095 (Fla. June 15, 2001).
AFFIRMED.
SAWAYA and PALMER, JJ., concur.