GRIFFIN, J.
This is another Heggs resentencing appeal. This time it is the State who complains. We reverse.
During the trial of defendant, Gerald Whitehead [“defendant”], while the jury was deliberating and the judge was considering a mistrial, plea negotiations took place. The judge asked for the specific number of months that the prosecutor was offering, and the prosecutor said, “everything is 150, 149.8.” The judge said that was the bottom of the guidelines and the defendant should consider accepting this plea, rather than taking the chances of a conviction and being sentenced as a habitual felony offender. After the judge’s explanation, the defendant decided to plead nolo contendere and “take the bottom of the guidelines.” He was sentenced pursuant to the plea agreement to 149.8 months.
Defendant then filed a direct appeal, which we per curiam affirmed. On September 19, 2000, defendant filed a Motion to Correct Sentence, arguing that he should be resentenced based on the supreme court’s decision in Heggs v. State, 759 So.2d 620 (Fla.2000). Over the State’s objection, defendant was resentenced to ninety-six months imprisonment, the bottom of the 1994 guidelines. The judge stated:
[B]ased on the facts of this case and the transcript, it seems clear to the Court it was a quid pro quo in his agreement that the Defendant would change a plea and plea [sic] no contest or guilty, provided he got the bottom of the guidelines.
We reverse because the sentence defendant received initially would not have been a departure under the 1994 guidelines. This case is controlled by the court’s deci *816 sion in Dudek v. State, 783 So.2d 331 (Fla. 5th DCA 2001).
REVERSED and REMANDED.
COBB and PALMER, JJ., concur.