GRIFFIN, J.
Wardell M. Sanders [“Sanders”] appeals the summary denial of this third Rule 3.800(a) motion to correct an illegal sentence. Sanders pled no contest in 1998 to an August 1996 lewd and lascivious assault upon a child, a second-degree felony under section 800.04(1), Florida Statutes. He was sentenced on April 2, 1998, to 87.3 months, followed by five years of sex-offender probation. No direct appeal was filed.
He subsequently sought a writ of mandamus in this court, asking us to order the trial court to rescind the order entered at sentencing designating him a sexual predator. He explained in his petition that he sought mandamus because caselaw had established that there was no vehicle in Florida for a collateral attack on an illegal sexual predator designation. See generally Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003). He asserted that he did not meet the statutory requirements and lacked the necessary predicate convictions *365 for designation as a sexual predator. His petition was denied without opinion.
Sanders then filed his first Rule 3.800(a) motion, seeking resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). At a hearing, defendant argued he was entitled both to hold to his plea and receive the bottom of the new guidelines. The trial court did not agree, and the State took the opportunity to withdraw the plea offer. The State made a new offer to Sanders of seventy-eight months in prison, followed by five years of probation. Sanders decided to enter another plea and he was sentenced as the State had offered. He appealed and this court per curiam affirmed. Sanders v. State, 796 So.2d 1189 (Fla. 5th DCA 2001).
He next filed his second Rule 3.800(a) motion, alleging only that the court erred in not honoring the decision of Buckingham v. State, 771 So.2d 1206 (Fla. 2nd DCA 2000), and continuing to assert that he should have been sentenced at the bottom of the 1994 guidelines range, as he was originally under the 1995 guidelines. The trial court denied relief, he appealed, and this court affirmed with a cite to Banck v. State, 798 So.2d 814 (Fla. 5th DCA 2001), Sanders v. State, 805 So.2d 1064 (Fla. 5th DCA 2002).
Sanders sought review in the Supreme Court of Florida, asking the court to review this court’s PCA with its cite to Banck. In an opinion addressing our defendant’s case and two others, the court held that its extraordinary writ jurisdiction could not be used to obtain review of per curiam decisions of the district courts of appeal which only affirm lower courts’ rulings with citations to opinions that: (1) are not pending before Supreme Court of Florida; (2) have not been reversed; and (3) do not note a contrary holding. Sanders’ petition was dismissed. Persaud v. State, 838 So.2d 529 (Fla.2003).
Now, in his third Rule 3.800(a) motion, his fourth collateral attack here upon his sentence, defendant asserts:
1. His sentence does not comply with Fla. R.Crim. P. Rule 3.702(d)(19), when read in conjunction with § 921.001(5), Fla. Stat.; and
2. The court did not orally designate him as a sexual predator at sentencing.
Neither of these issues has any merit. In the course of examining this sentence, however, we see reason to doubt whether Sanders does qualify as a sexual predator. We do not have enough in this record to make this determination, however. It does not appear that this issue ever has been considered on the merits, in part for reasons that relate to a quirk of law, see Nicholson, supra, and in part due to Sanders’ failure to appeal after his original sentencing. If the sexual predator designation is not legal, there may be a procedural avenue, such as a belated appeal, that remains available to him, depending on the facts.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.