385 So.2d 1369 (1980)
DODI PUBLISHING COMPANY, Petitioner,
v.
EDITORIAL AMERICA, S.A., a Florida Corporation, Respondent.
No. 59042.
Supreme Court of Florida.
July 3, 1980.
Judith L. Kreeger of Kreeger & Kreeger, Miami, for petitioner.
Patricia M. Silver of Smith, Mandler, Smith, Werner, Jacobowitz & Fried, Miami Beach, for respondent.
OVERTON, Justice.
This is a petition filed April 7, 1980, seeking review of the following per curiam opinion of the Third District Court of Appeal:
PER CURIAM.
Affirmed. See Consolidated Electric Supply, Inc. v. Consolidated Electrical Distributors Southeast, Inc., 355 So.2d 853 (Fla. 3d DCA 1978).
The petitioner contends that the cited case, Consolidated Electric Supply, Inc. v. Consolidated Electrical Distributors South-east, Inc., conflicts with Williamson v. Answer Phone of Jacksonville, 118 So.2d 248 (Fla. 1st DCA 1960), and therefore the instant opinion conflicts with another Florida appellate decision.
The jurisdiction of this Court in this cause is controlled by section 3(b)(3) of article V of the Constitution of the State of Florida, as amended March 11, 1980, effective April 1, 1980, which provides that the Supreme Court: "May review any decision of a district court of appeal ... that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." A full discussion of the history and purpose of section 3 of article V, as amended, is contained in Jenkins v. State, No. 59,087, 385 So.2d 1356 (Fla. June 26, 1980).
We reject the assertion that we should reexamine a case cited in a per curiam decision to determine if the contents of that cited case now conflict with other appellate decisions. The issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court before us for review, not whether there is conflict in a prior written opinion which is now cited for authority.
The petition is dismissed.
SUNDBERG, C.J., and BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents for reasons expressed in Jenkins.