W. SHARP, J.
Wattles seeks a belated appeal, claiming his appellate counsel was ineffective. We dismiss his petition for writ of habeas corpus on the ground that it is untimely, because it was not filed within the two-year time period after his conviction became final, which was per curiam affirmed by this court in 1998. See Wattles v. State, 707 So.2d 1170 (Fla. 5th DCA 1998). The mandate in the appeal issued on April 20, 1998. Thereafter, Wattles filed a motion pursuant to Florida Rule of Criminal Pro *1210 cedure 3.850, which was denied after an evidentiary hearing. The denial was affirmed by this court on July 5, 2000.[1]
Florida Rule of Appellate Procedure 9.140(j)(3)(B) states:
A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
Applying that rule here, Wattles’ conviction became final on April 20, 1998' — the date the mandate issued from this court on the direct appeal. This petition was filed September 13, 2000, (under the mail box rule) beyond the two year time bar. Since Wattles fails to allege the exception to the rule quoted above, his petition is time barred, and we lack jurisdiction to consider it.
Petition for Writ of Habeas Corpus DISMISSED.
THOMPSON, C.J., and PLEUS, J., concur.

. Wattles v. State, No. 99-1755, 764 So.2d 600 (Fla. 5th DCA July 5, 2000).