838 So.2d 529 (2003)
Floyd PERSAUD, Petitioner,
v.
STATE of Florida, Respondent.
Wardell Sanders, Petitioner,
v.
State of Florida, Respondent.
Raymond Baker, Petitioner,
v.
State of Florida, Respondent.
Nos. SC02-1406, SC02-1858, SC02-2198.
Supreme Court of Florida.
January 23, 2003.
*530 Jo Ann Barone Kotzen, West Palm Beach, FL, for Petitioner Floyd Persaud.
Wardell Sanders, Polk City, FL, Petitioner, pro se.
No appearance for Respondent.
Raymond Baker, Raiford, FL, for Petitioner, pro se.
No appearance for Respondent.
PER CURIAM.
Petitioners Floyd Persaud and Wardell Sanders have filed petitions for writs of habeas corpus, see art. V, § 3(b)(9), Fla. Const., seeking review of the decisions of the Fourth and Fifth District Courts of Appeal in Persaud v. State, 814 So.2d 1101 (Fla. 4th DCA 2002), and Sanders v. State, 805 So.2d 1064 (Fla. 5th DCA 2002). Petitioner Raymond Baker has filed a petition for a writ of mandamus, see art. V, § 3(b)(8), Fla. Const., seeking review of the decision of the Fifth District in Baker v. State, 820 So.2d 382 (Fla. 5th DCA 2002). We consolidate these cases for purposes of this opinion and, for the reasons expressed below, dismiss the petitions for lack of jurisdiction.

FACTS
The decision from the Fourth District in Persaud's case reads in its entirety: "Affirmed. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Persaud, 814 So.2d at 1101. Persaud argues that "[h]abeas corpus is the proper remedy to challenge the denial of [his] claim in the Fourth District Court of Appeal that [he] was denied due process under the Constitution of the United States by not receiving effective assistance of trial counsel." He further states that "[i]t is from [the] affirmance [of the trial court's summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, by] the Fourth District [that he] seeks a writ of habeas corpus herein." Persaud indicates that he filed his petition in this Court in an effort to "exhaust his state remedies before filing a petition for federal habeas relief" as is required by the United States Supreme Court's decision in O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). In an apparent effort to demonstrate why the Fourth District's affirmance of the trial court's summary denial of his rule 3.850 motion was in error, Persaud argues at length in his petition why the trial court should have granted him an evidentiary hearing on his ineffective assistance of counsel claim and ordered a new trial.[1]
The decision from the Fifth District in Sanders' case reads in its entirety: "AFFIRMED. See Banck v. State, 798 So.2d 814 (Fla. 5th DCA 2001)." Sanders, 805 So.2d at 1064. Sanders argues that his sentence for the crime of lewd and lascivious assault upon a child is illegal under this Court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000). Sanders indicates that he unsuccessfully challenged the illegality of his sentence under Heggs in the trial court in a motion to correct illegal sentence filed pursuant to Florida Rule of *531 Criminal Procedure 3.800(a), and on appeal from the trial court's denial of relief in the Fifth District. Sanders also asserts that "[a] complete exhaustion of judicial remedies has been thoroughly met by the Petitioner" with regard to his illegal sentence claim and that he now seeks relief from this Court. In his prayer for relief, Sanders asks this Court for an order "reversing and remanding the instant case for a guidelines sentence." These statements in Sanders' petition collectively indicate that he intends for his petition in this Court to be the next step in the review process relative to his illegal sentence claim, as opposed to a true original writ proceeding.
The decision from the Fifth District in Baker's case reads in its entirety: "AFFIRMED. See Fla. Stat. § 782.04(2) (2001)." Baker, 820 So.2d at 382. Baker asks this Court to compel the Fifth District to recall its mandate in his case, arguing that the Fifth District clearly "overlooked and or misapprehended" its duty to correct illegal sentences "whenever presented with [a] motion indicating that [a] sentence is truely [sic] illegal." Baker explains the procedural history of his case as follows:
On April 15, 2002, Petitioner filed [a] motion for correction of his illegal sentence in the trial court, in which he argues his sentence of 99 years illegally exceeds the statutory maximum authorized under the 1983 statute 775.082(3)(a) whereas his charged offenses occurred December 19, 1983. On the 30th day of April, 2002, the trial court rendered its order denying Petitioner's 3.800(a) motion without addressing any of the claims presented therein, [and instead] based its denial on [an] uncontested ground which [was] not relevant to any of Petitioner's claims.
A timely appeal of the trial court's order of denial was ensued by Petitioner to the Fifth District Court of Appeal, whereupon, on May 28, 2002, the court issued its none [sic] final order of a per-curiam decision citing Florida Statute 782.04 (2001), without any consideration of the fact that the charged offenses occurred December 19, 1983, and the fact that the charged offense under count one of the indictment, reduced to second degree murder by jury verdict, being a first degree felony "must be reclassified to a life felony" pursuant to 775.087(3)(a), Fla. Stat. Petitioner filed a timely motion for rehearing, which was ultimately denied and mandate issued on the 19th day of July, 2002.
On the 6th day of August, 2002, Petitioner submitted his motion to withdraw mandate to the Fifth District Court of Appeal. There, Petitioner further pointed out facts and matters which the court had obviously overlooked and or misapprehended thus requiring that the mandate be withdrawn or recalled. Nevertheless, on August 16, 2002, the court issued its order denying Petitioner's motion to withdraw the mandate.
(Citations to accompanying appendix omitted.) At the conclusion of this procedural history, Baker states that he "has no other available remedy to redress the issues presented herein thus he seeks mandamus relief." This statement, when coupled with the procedural history and arguments presented in the petition, indicates that Baker intends for this mandamus proceeding to be a review of the district court's decision in his case, as opposed to a true original writ proceeding.

ANALYSIS
This Court's decisions in Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla.1980), and Jollie v. State, 405 So.2d 418 (Fla.1981), when read together, stand for the proposition that this Court does not have jurisdiction to review *532 per curiam decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this Court. In Dodi Publishing, we rejected "the assertion that we should reexamine a case cited in a per curiam decision to determine if the contents of that cited case ... conflict with other appellate decisions." 385 So.2d at 1369. In Jollie, we reaffirmed that "mere citation PCA decisions ... will remain nonreviewable by this Court" and distinguished those district court PCA opinions that cite as controlling authority "a case that is pending review in or has been reversed by this Court." 405 So.2d at 421.
The decision in Dodi Publishing explicitly addressed this Court's lack of jurisdiction to review per curiam decisions from the district courts of appeal that merely cite to a case not pending on review in this Court. However, this Court has historically applied the reasoning of Dodi Publishing to other district court citation per curiam decisions, like those in Persaud's and Baker's cases, which merely cite to a statute, a rule,[2] or a decision of the United States Supreme Court or this Court. See, e.g., Herrera v. State, 804 So.2d 621 (Fla. 3d DCA) (affirming with citations to a decision of this Court, a decision of the Second District, and a statute), review dismissed, 819 So.2d 135 (Fla.2002); Colonel v. State, 756 So.2d 172 (Fla. 3d DCA) (affirming with citations to Strickland and a decision of this Court), review dismissed, 767 So.2d 455 (Fla.2000); Anderson v. State, 748 So.2d 316 (Fla. 5th DCA 1999) (affirming with citations to three decisions of this Court and a citation to a rule of criminal procedure), review dismissed, 753 So.2d 563 (Fla.2000).[3] Our decision in Florida Star v. B.J.F., 530 So.2d 286 (Fla. 1988), explains why our application of the reasoning in Dodi Publishing beyond its specific facts, in each of these described circumstances, is entirely consistent with the parameters of this Court's limited discretionary review jurisdiction.
As we explained in Florida Star, this Court's discretionary review jurisdiction can be invoked only from a district court decision "that expressly addresses a question of law within the four corners of the opinion itself" by "contain[ing] a statement or citation effectively establishing a point of law upon which the decision rests." Florida Star, 530 So.2d at 288. We further explained that "there can be no actual conflict discernible in an opinion containing only a citation to other case law unless one of the cases cited as controlling authority is pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or unless the citation explicitly notes a contrary holding of another district court or of this Court." Id. at 288 n. 3. This is true because, in those cases where the district court has not explicitly identified a conflicting decision, it is necessary for the district court to have included some facts in its decision so that the question of law addressed by the district court in its decision can be discerned by this Court. See Reaves v. State, 485 So.2d 829, 830 (Fla.1986) (denying review in case where "[t]he district court decision correctly states and applies the law based on the facts given," and noting that "[c]onflict between decisions must be express and direct, i.e., it must appear *533 within the four corners of the majority decision"); Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla.1981) ("It is not necessary that a district court explicitly identify conflicting district court or supreme court decisions in its opinion in order to create an `express' conflict under section 3(b)(3).").
In Grate v. State, 750 So.2d 625, 626 (Fla.1999), we concluded that "[r]egardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion and this Court's holding in Jenkins [v. State, 385 So.2d 1356 (Fla.1980)] cannot be circumvented simply by seeking relief by filing an extraordinary writ petition." We held, therefore, "that those provisions of the Florida Constitution governing this Court's jurisdiction to issue extraordinary writs may not be used to seek review of an appellate court decision issued without a written opinion." Grate, 750 So.2d at 626. In Stallworth v. Moore, 827 So.2d 974 (Fla. 2002), we recently summarized the facts upon which the decision in Grate was based:
In Grate, the petitioner filed a petition for a writ of mandamus which sought review of an affirmance by the Third District, issued without opinion, of a trial court order denying the petitioner's motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. In his petition, petitioner Grate alleged that the district court's decision in his case was inconsistent with an opinion of this Court, and he asserted that he had no avenue available to him for seeking review of the district court's decision other than a petition for an extraordinary writ, because the district court had not provided any form of written opinion supporting its per curiam affirmance. After discussing the decisions in both Jenkins and St. Paul [Title Insurance Corp. v. Davis, 392 So.2d 1304 (Fla.1980)], this Court concluded that it was without jurisdiction to entertain petitioner Grate's petition....
Id. at 978 (citations omitted).
The reasoning and holding in Grate, even though specifically applicable to extraordinary writ petitions seeking review of district court per curiam affirmances issued without written opinion, applies with equal force to extraordinary writ petitions seeking review of per curiam decisions from the district courts of appeal that merely cite to a case not pending on review in this Court, or to a statute or rule of procedure. We therefore apply the reasoning in Grate to citation per curiam affirmances and specifically hold that this Court's extraordinary writ jurisdiction may not be used to seek review of per curiam decisions of the district courts of appeal like those issued in Persaud's, Sanders' and Baker's cases.
Accordingly, we hereby dismiss the petitions in these cases.[4] Consistent with the recent amendment to Florida Rule of Appellate Procedure 9.330(d), promulgated "to expressly provide that the Court will not entertain motions for rehearing addressed to the dismissal of a petition for an extraordinary writ when that writ is used to seek review of a district court of appeal decision without an opinion," Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888, 890 (Fla.2002), no motions for rehearing or clarification will be entertained in these cases or in cases which are dismissed in the future based on the reasoning set forth in this opinion.
It is so ordered.
*534 ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.
NOTES
[1] Persaud also filed a notice of supplemental authority in his case calling this Court's attention to our recent decision in Ford v. State, 825 So.2d 358 (Fla.2002), and a motion seeking a remand to the trial court for reconsideration of the rule 3.850 motion in light of this Court's decision in Ford.
[2] In fact, this Court specifically stated in Allstate Insurance Co. v. Langston, 655 So.2d 91, 93 n. 1 (Fla.1995), that it "does not have jurisdiction based on alleged conflict with a rule of civil procedure."
[3] Although all of the orders dismissing review in these cases were unpublished, the records of this Court indicate that each of the orders cited to this Court's decision in Dodi Publishing as authority for the dismissals.
[4] The pending motion for remand in Persaud's case is also denied.