846 So.2d 1141 (2003)
James GANDY, Jr., Petitioner,
v.
STATE of Florida, Respondent.
Kimberly D. Goodwin, Petitioner,
v.
State of Florida, Respondent.
Edward Dane Jeffus, Petitioner,
v.
State of Florida, Respondent.
Nos. SC02-2049, SC02-2214, SC02-2221.
Supreme Court of Florida.
May 15, 2003.
*1142 James Gandy, Jr., pro se, Avon Park, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, Tampa, for Respondent.
Kimberly D. Goodwin, pro se, Pensacola, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, for Respondent.
Edward Dan Jeffus, pro se, Talladega, Alabama, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Kellie A. Nielan and Anthony J. Golden, Assistant Attorneys General, Daytona Beach, for Respondent.
PER CURIAM.
Petitioners James Gandy, Kimberly D. Goodwin, and Edward Dane Jeffus have filed notices to invoke our discretionary jurisdiction, pursuant to article V, section 3(b)(3) of the Florida Constitution, seeking review of decisions of the Second, First, and Fifth District Courts of Appeal, respectively. We consolidate these cases for purposes of this opinion and, for the reasons expressed below, dismiss these cases for lack of jurisdiction.

FACTS
The order from the Second District in Gandy's case reads in its entirety: "Petitioner's petition for writ of habeas corpus is treated as a petition alleging ineffective assistance of appellate counsel and is denied. See § 921.002(g), Fla. Stat. (Supp. 1998)." Gandy v. State, 827 So.2d 989 (Fla. 2d DCA July 17, 2002); see also Gandy v. State, 827 So.2d 989 (Fla. 2d DCA 2002) (table report). Gandy asserts in his notice to invoke that the Second District's decision *1143 in his case expressly and directly conflicts with a decision of another district court of appeal on the same question of law.
The decision from the First District in Goodwin's case reads in its entirety: "PER CURIAM. DENIED. See Fla. R.App. P. 9.141(c)(4)(B)." Goodwin v. State, 825 So.2d 476 (Fla. 1st DCA 2002). Goodwin asserts in her notice to invoke that the First District's decision in her case expressly declares valid a state statute. Goodwin asserts in her notice that the "state statute" declared valid in the First District's decision in her case is the rule of appellate procedure cited in the opinion.
The decision from the Fifth District in Jeffus's case reads in its entirety:
ORDERED that the Petition Alleging Ineffective Assistance of Appellate Counsel, filed May 6, 2002, is denied. See Fla. R.App. P. 9.140(j)(3)(B); Wattles v. State, 771 So.2d 1209 (Fla. 5th DCA 2000). Upon consideration hereof, it is
ORDERED that Petitioner's MOTION FOR ENLARGEMENT OF TIME, filed May 30, 2002, is moot.
Jeffus v. State, No. 5D02-1323 (Fla. 5th DCA June 5, 2002). Jeffus asserts in his notice to invoke that the decision from the Fifth District in his case expressly and directly conflicts with several decisions of both this Court and other district courts of appeal. The parties in Wattles v. State, 771 So.2d 1209 (Fla. 5th DCA 2000), cited by the Fifth District in Jeffus, never sought discretionary review of that decision in this Court.

ANALYSIS
"The jurisdiction of this Court extends only to the narrow class of cases enumerated in Article V, Section 3(b) of the Florida Constitution." Mystan Marine, Inc. v. Harrington, 339 So.2d 200, 201 (Fla.1976). As we recently explained in Persaud v. State, 838 So.2d 529, 531-32 (Fla.2003), our decisions in Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla.1980), and Jollie v. State, 405 So.2d 418 (Fla.1981), "when read together, stand for the proposition that this Court does not have jurisdiction to review per curiam decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this Court." We further explained that, while the holding in Dodi Publishing expressly applied only to per curiam decisions from the district courts citing to cases not pending on review in this Court, we had historically applied the decision in Dodi Publishing to district court decisions merely citing to a statute, a rule, or a decision of the United States Supreme Court or this Court. See id. at 532. We noted that this application of Dodi Publishing was entirely consistent with "the parameters of this Court's limited discretionary review jurisdiction" as discussed in Florida Star v. B.J.F., 530 So.2d 286 (Fla.1988). Persaud, 838 So.2d at 532.
This Court in Florida Star, in express recognition of its decision in Jollie, and in implicit recognition of its decision in Dodi Publishing, cautioned that we do not "have subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law, such as [decisions] issued without opinion or citation." 530 So.2d at 288 n. 3. This Court explained that, for this Court to have subject-matter jurisdiction over a district court decision containing only a citation to other authority, the citation would have to be to a case that was "pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or ... the citation [would have to] explicitly note[ ] a *1144 contrary holding of another district court or of this Court." Id. (citing Jollie ).
In other words, absent a citation falling into one of the limited categories identified in Jollie and reaffirmed in Florida Star, a district court decision must contain "some statement," indicating that it has "expressly addresse[d] a question of law within the four corners of the opinion itself," which could "hypothetically ... create conflict if there were another opinion reaching a contrary result," for this Court to have subject-matter jurisdiction to review the case pursuant to article V, section 3(b)(3) of the Florida Constitution. Id. at 288; see also Beaty v. State, 701 So.2d 856, 857 (Fla.1997) (reaffirming, in light of this Court's decision in Florida Star, that this Court does not have subject-matter jurisdiction over district court per curiam decisions issued without opinion). "[I]n those cases where the district court has not explicitly identified a conflicting decision, it is necessary for the district court to have included some facts in its decision so that the question of law addressed by the district court in its decision can be discerned by the Court." Persaud, 838 So.2d at 532 (emphasis added) (citing Reaves v. State, 485 So.2d 829, 830 (Fla.1986), and Ford Motor Co. v. Kikis, 401 So.2d 1341, 1342 (Fla.1981)).
In Stallworth v. Moore, 827 So.2d 974 (Fla.2002), this Court discussed our jurisdictional jurisprudence relative to per curiam affirmances without written opinion (PCAs), and held that "this Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief, issued without opinion or explanation, whether they be in opinion form or by way of unpublished order." Id. at 978. While the district court decisions at issue in Stallworth were mere denials of relief without any elaboration beyond the word "denied," this Court's reasoning and holding in Stallworth, when applied in a manner consistent with our decisions in Dodi Publishing, Jollie, and Florida Star, dictate a similar result here. We therefore hold that we do not have jurisdiction to review per curiam unelaborated denials of relief from the district courts of appeal that, like the decisions in Gandy's, Goodwin's, and Jeffus's cases, merely cite to a case not pending on review in this Court, or to a statute or rule of procedure, and do not contain any discussion of the facts in the case such that it could be said that the district court "expressly addresse[d] a question of law within the four corners of the opinion itself." Florida Star, 530 So.2d at 288. Therefore, we also take this opportunity to explain that in the future we will apply the reasoning in Stallworth, through the lens of Dodi Publishing, Jollie, and Florida Star to these and similar cases.[1]
*1145 Accordingly, we hereby dismiss the review proceedings in these cases. No motions for rehearing or clarification will be entertained in these cases or in cases which are dismissed in the future based on the reasoning set forth in this opinion. See Fla. R.App. P. 9.330(d).
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We note that it is already this Court's practice to dismiss cases in which review is sought from an unelaborated per curiam denial of relief, like the ones at issue in the subject cases, which merely cites to a case not pending on review in this Court, or to a statute or rule of procedure. See, e.g., Frierson v. State, 810 So.2d 988 (Fla. 1st DCA) (denying relief per curiam with only a citation to Florida Rule of Appellate Procedure 9.141(c)(4)(B)), review dismissed, 817 So.2d 846 (Fla.2002); Galloway v. Moore, 790 So.2d 1193 (Fla. 1st DCA) (denying relief per curiam with only a citation to State v. Hudson, 698 So.2d 831 (Fla.1997)), review dismissed, 794 So.2d 604 (Fla.2001); Barro v. Florida Parole Comm'n, 786 So.2d 1235 (Fla. 1st DCA) (denying relief per curiam with only citations to Gaines v. Florida Parole Comm'n, 743 So.2d 118 (Fla. 4th DCA 1999), and Gattis v. Florida Parole Comm'n, 535 So.2d 640 (Fla. 1st DCA 1988)), review dismissed, 791 So.2d 1094 (Fla.2001). Although the orders dismissing review in these cases were unpublished, the records of this Court indicate that each of the orders stated as grounds for the dismissal that this Court lacked jurisdiction to review the district court decision at issue. This opinion is written merely to clarify, for the benefit of the public and the Bar, this Court's conclusion that it does not have jurisdiction in such cases.