PER CURIAM.
This case is before the Court on the petition of Arthur W. Foley for a writ of prohibition. See art. V, § 3(b)(7), Fla. Const. We dismiss the petition for lack of jurisdiction.
A. Procedural History
Foley was convicted of committing two criminal offenses and was sentenced to concurrent terms of imprisonment. His convictions were affirmed, but the case was remanded for resentencing. See Foley v. State, 804 So.2d 556 (Fla. 3d DCA 2002). He was resentenced and the sentence was affirmed. See Foley v. State, 827 So.2d 376 (Fla. 3d DCA 2002). He filed several postconviction motions and petitions, which were dismissed or denied, and he subsequently filed a petition for writ of habeas corpus in the district court, alleging two counts of ineffective assistance of appellate counsel. The district court denied the petition by unpublished order, which provided in full as follows: “Following review of the petition for writ of habeas corpus, it is ordered that said petition is hereby denied. See Sanders v. State, 946 So.2d 953 (Fla.2006).” Foley v. State, No. 3D06-2738, 965 So.2d 137 (Fla. 3d DCA Dec.26, 2006) (unpublished order).
After filing a motion for rehearing in the Third District, which was denied, Foley then filed the present petition for writ of prohibition in this Court. He contends that the district court order is erroneous because his case is distinguishable from Sanders. He further contends that, based on the underlying merits of his case, the district court order conflicts with Sanders. He seeks to bar the district court from proceeding with his case and asks this Court to review the merits of the ruling below.
B. Analysis
We have made it clear in case after case that this Court’s jurisdictional requirements cannot be circumvented by varying the method upon which review is sought in this Court, such as by filing an extraordinary writ instead of a petition for review. We thus have held that we do not have jurisdiction to review unelaborated denials from the district court that merely cite to a case that is not pending on review in this Court at the time review is sought or merely cite to a statute or rule of procedure. See Gandy v. State, 846 So.2d 1141, 1144 (Fla.2003). This principle applies to district court orders as well as opinions. See id. at 1142, 1144 n. 1.
Although Gandy was decided in the context of a petition for discretionary review under article V, section 3(b)(3) of the Florida Constitution, a similar analysis follows from the Court’s precedent governing extraordinary writs. In Grate v. State, 750 So.2d 625, 626 (Fla.1999), we specifically held that “this Court’s jurisdiction to issue *285 extraordinary writs cannot be used to seek review of an appellate court decision issued without a written opinion.” In Persaud v. State, 838 So.2d 529, 533 (Fla. 2003), we explained that even if filed as an original writ petition, we do not have jurisdiction to review “per curiam decisions from the district courts of appeal that merely cite to a case not pending on review in this Court, or to a statute or rule of procedure.”
In this case, the district court of appeal denied relief after Foley filed a petition for writ of habeas corpus. The order was an unelaborated denial with the citation to a case not pending before this Court at the time the present prohibition petition was filed.[1] Based on the reasoning of Gandy, Grate and Persaud, we do not have jurisdiction over Foley’s petition for a writ of prohibition filed in this Court, which essentially seeks review of the district court of appeal’s order denying his petition for ha-beas corpus — an order which is unelabo-rated with only a case citation.
C. Conclusion
Based on the foregoing, we reiterate that extraordinary writ petitions cannot be used to circumvent the jurisdictional requirements for discretionary review under article V, section 3(b)(3) of the Florida Constitution. Specifically, we hold that the Court’s ruling in Gandy cannot be circumvented by the filing of a petition for an extraordinary writ. Accordingly, we dismiss the present prohibition petition for lack of jurisdiction.
We also hold that in the future the clerk’s office will dismiss extraordinary writ petitions asserting jurisdiction on a similar basis. No motions for rehearing or clarification will be entertained in these cases or in any other cases that are dismissed in the future based on the reasoning set forth in this opinion. Cf. Jackson v. State, 926 So.2d 1262, 1266 (Fla.2006) (announcing a similar procedure governing certain notices of appeal and petitions for discretionary review).
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

. The case cited in the district court order, Sanders v. State, 946 So.2d 953 (Fla.2006), became final on January 5, 2007. See Sanders v. State, 946 So.2d 953 (Fla.2006). Foley filed the present prohibition petition on January 25, 2007.