# Supreme Court of Florida

_____

No. SC13-1346
_____

**ARRINGTON R. WELLS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 16, 2014]

PER CURIAM.

Petitioner Arrington R. Wells has filed a notice to invoke this Court's discretionary jurisdiction, pursuant to article V, section 3(b)(3), of the Florida Constitution. Wells seeks review of an unelaborated per curiam decision of the First District Court of Appeal, dismissing his petition to invoke the First District's all writs jurisdiction on the authority of Baker v. State, 878 So. 2d 1236 (Fla. 2004), and Pettway v. State, 776 So. 2d 930 (Fla. 2000). See Wells v. State, 114 So. 3d 1037, 1038 (Fla. 1st DCA 2013). Wells alleges that the First District's decision expressly and directly conflicts with numerous other district court decisions regarding illegal sentences.

We dismiss Wells' petition for review for lack of jurisdiction. We also take this opportunity to clarify our intention to apply the reasoning of Gandy v. State, 846 So. 2d 1141 (Fla. 2003), to unelaborated dismissals from the district courts of appeal that, like the First District's decision in this case, merely cite to a case not pending review in, or not quashed or reversed by, this Court, or to a statute or rule of procedure, and do not contain any discussion of the facts in the case "such that it could be said that the district court 'expressly addresse[d] a question of law within the four corners of the opinion itself.' " Id. at 1144 (quoting Fla. Star v. B.J.F., 530 So. 2d 286, 288 (Fla. 1988)).

Applying our decisions in Gandy and other prior cases holding that this Court lacks discretionary review jurisdiction over unelaborated per curiam affirmances and denials, we conclude that the analysis in those cases is equally valid as to unelaborated per curiam dismissals, such as the First District's decision in this case. Because this Court lacks discretionary review jurisdiction under the Florida Constitution to review this type of case, we authorize the Office of the Clerk to administratively dismiss future petitions for review in similar cases.

**FACTS**

As in all petitions seeking this Court's discretionary jurisdiction pursuant to article V, section 3(b)(3), we are confined to consider only those facts contained within the four corners of the district court's majority opinion. See Reaves v.

State, 485 So. 2d 829, 830 (Fla. 1986). In this case, the decision of the First District as to Wells' petition to invoke the district court's all writs jurisdiction reads in its entirety as follows:

> PER CURIAM.
>     DISMISSED. See Baker v. State, 878 So. 2d 1236 (Fla. 2004); see also Pettway v. State, 776 So. 2d 930 (Fla. 2000).

Wells, 114 So. 3d at 1038. Wells asserts in his jurisdictional filings in this Court that he is currently serving an illegally enhanced sentence as a Prison Release Reoffender (PRR) because the release date used to qualify Wells as a PRR originated from a temporary detention. He therefore contends that the First District erred in dismissing his all writs petition and that this Court should grant discretionary review to address the merits of his illegal sentence claim, alleging that an express and direct conflict exists between the First District's decision and several decisions of other district courts of appeal relating to the legality of PRR sentences.

## ANALYSIS

Article V, section 3(b), of the Florida Constitution governs the jurisdiction of the Florida Supreme Court. As we have explained, this jurisdiction "extends only to the narrow class of cases enumerated" in that constitutional provision. Gandy, 846 So. 2d at 1143 (quoting Mystan Marine, Inc. v. Harrington, 339 So. 2d 200, 201 (Fla. 1976)).

In a line of cases beginning with <u>Jenkins v. State</u>, 385 So. 2d 1356 (Fla. 1980), this Court addressed the limits of its jurisdiction under article V, section 3(b), to review unelaborated per curiam decisions of the district courts of appeal. In <u>Jenkins</u>, 385 So. 2d at 1359, this Court held that it lacked jurisdiction to review per curiam decisions of the district courts of appeal "rendered without opinion, regardless of whether they are accompanied by a dissenting or concurring opinion, when the basis for such review is an alleged conflict of that decision with a decision of another district court of appeal or of the Supreme Court." This Court reasoned that the single word "affirmed" in a decision stating in its entirety, "Per Curiam Affirmed," cannot satisfy the constitutional requirement that a decision must "expressly" conflict with a decision of another district court of appeal or of this Court in order to vest this Court with jurisdiction. <u>Id.</u>

Subsequently, in <u>Dodi Publishing Co. v. Editorial America, S.A.</u>, 385 So. 2d 1369 (Fla. 1980), and <u>Jollie v. State</u>, 405 So. 2d 418 (Fla. 1981), this Court extended the reasoning of <u>Jenkins</u>. When read together, <u>Dodi Publishing</u> and <u>Jollie</u> "stand for the proposition that this Court does not have jurisdiction to review per curiam decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this Court." <u>Persaud v. State</u>, 838 So. 2d 529, 531-32 (Fla. 2003). This Court has since explained that, "while the holding in <u>Dodi Publishing</u> expressly applied only to per curiam decisions from the district courts

citing to cases not pending on review in this Court, we had historically applied the decision in Dodi Publishing to district court decisions merely citing to a statute, a rule, or a decision of the United States Supreme Court or this Court." Gandy, 846 So. 2d at 1143 (citing Persaud, 838 So. 2d at 532).

In Florida Star, this Court succinctly summed up its prior decisions in Dodi Publishing and Jollie, explaining that this Court does not

> have subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law, such as opinions issued without opinion or citation. Thus, a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court. Moreover, there can be no actual conflict discernible in an opinion containing only a citation to other case law unless one of the cases cited as controlling authority is pending before this Court, or has been reversed on appeal or review, or receded from by this Court, or unless the citation explicitly notes a contrary holding of another district court or of this Court. See Jollie v. State, 405 So. 2d 418, 420 (Fla. 1981).

Fla. Star, 530 So. 2d at 288 n.3.

More recently, in Stallworth v. Moore, 827 So. 2d 974, 978 (Fla. 2002), this Court further extended the reasoning of Jenkins and subsequent cases relating to per curiam affirmances without written opinion to unelaborated per curiam denials of relief, holding that "this Court does not have discretionary review jurisdiction . . . to review per curiam denials of relief, issued without opinion or explanation, whether they be in opinion form or by way of unpublished order."

Thereafter, in <u>Gandy</u>, we further held that this Court does not have discretionary review jurisdiction to review "per curiam unelaborated denials of relief from the district courts of appeal that . . . merely cite to a case not pending on review in this Court, or to a statute or rule of procedure, and do not contain any discussion of the facts in the case such that it could be said that the district court 'expressly addresse[d] a question of law within the four corners of the opinion itself.' " <u>Gandy</u>, 846 So. 2d at 1144 (quoting <u>Fla. Star</u>, 530 So. 2d at 288).

Accordingly, based on our case law since <u>Jenkins</u>, it is clear that we have explicitly held that this Court lacks discretionary review jurisdiction over the following four types of cases: (1) a per curiam affirmance rendered without written opinion—<u>see</u> <u>Jenkins</u>, 385 So. 2d at 1359; (2) a per curiam affirmance with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute—<u>see</u> <u>Dodi Publishing</u>, 385 So. 2d at 1369, and <u>Jollie</u>, 405 So. 2d at 421; (3) a per curiam or other unelaborated denial of relief rendered without written opinion—<u>see</u> <u>Stallworth</u>, 827 So. 2d at 978; and (4) a per curiam or other unelaborated denial of relief with a citation to (i) a case not pending review or a case that has not been quashed or reversed by this Court, (ii) a rule of procedure, or (iii) a statute—<u>see</u> <u>Gandy</u>, 846 So. 2d 1144. None of these four scenarios, however, specifically addresses the situation presented in this case: an unelaborated per curiam <u>dismissal</u>

- 6 -

with a citation to cases not pending review in, and not quashed or reversed by, this Court.

Applying this Court's decisions in <u>Jenkins</u>, <u>Dodi Publishing</u>, <u>Stallworth</u>, and <u>Gandy</u> to the notice to invoke this Court's discretionary jurisdiction filed in this case, we conclude that our analysis in those cases as to unelaborated per curiam affirmances and denials is equally valid as to unelaborated per curiam dismissals. We therefore hold that this Court does not have discretionary review jurisdiction over unelaborated per curiam dismissals from the district courts of appeal (1) that are issued without opinion or explanation, whether in opinion form or by way of unpublished order; or (2) that, like the First District's decision in Wells' case, merely cite to a case not pending review in, or not quashed or reversed by, this Court, or to a statute or rule of procedure, and do not contain any discussion of the facts in the case such that it could be said that the district court "expressly addresse[d] a question of law within the four corners of the opinion itself." <u>Fla. Star</u>, 530 So. 2d at 288.

As we did in <u>Gandy</u>, we also take this opportunity to explain that in the future, we will apply the reasoning of this opinion, <u>Jenkins</u>, <u>Dodi Publishing</u>, <u>Stallworth</u>, and <u>Gandy</u> to similar cases and will dismiss review for lack of jurisdiction. We hereby authorize the Office of the Clerk to administratively dismiss future petitions for review in similar cases.

## CONCLUSION

For the reasons explained above, we hold that this Court lacks discretionary review jurisdiction to review an unelaborated per curiam dismissal from a district court of appeal that is issued without opinion or explanation or that merely cites to a case not pending review in, or reversed or quashed by, this Court, or to a statute or rule of procedure. Accordingly, we dismiss Wells' petition for review. No motion for rehearing or clarification will be entertained in this case or in future cases that are dismissed based on the reasoning set forth in this opinion. See Fla. R. App. P. 9.330(d).

It is so ordered.

POLSTON, C.J., and PARIENTE, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District  – Case No. 1D13-1681

(Leon County)

Arrington R. Wells, pro se, Crawfordville, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, Criminal Appeals, and Meredith Hinshelwood, Assistant Attorney General, Tallahassee, Florida

for Respondent