[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12872
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01418-PGB-GJK

JAMES F. LAPINSKI,

Plaintiff-Appellant,

versus

ST. CROIX CONDOMINIUM ASSOCIATION, INC.,
ESTATE OF DOUGLAS COOK,
FIFTH DISTRICT COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT COURT,
STATE OF FLORIDA,
VOLUSIA COUNTY,
DAYTONA BEACH SHORES, FL,
ESTATE OF MICHEAL KENNEDY, et al.,

Defendants-Appellees,

STEPHEN J. GUARDINO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 21, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

James Lapinski appeals *pro se* the dismissal with prejudice of his amended complaint. Lapinski complained about adverse rulings by judges of the Seventh Circuit Court of Florida and of the Fifth District Court of Appeals; state court judgments in favor of the St. Croix Condominium Association, Inc., its manager and board members, its contractors, and the developer ("the Association"); and violations of the Racketeer Influenced and Corrupt Organizations Act by the Association, the State of Florida, its judges, Volusia County, Daytona Beach Shores, and attorney Steven Guardiano, 18 U.S.C. § 1962(c). The district court dismissed Lapinski's complaint for lack of subject matter jurisdiction based on judicial immunity, sovereign immunity, and the *Rooker-Feldman* doctrine and for failure to state a claim under the Racketeer Act. The district court also sanctioned Lapinski for filing his complaint in bad faith and awarded the Association more than $5,000 in attorney's fees. We affirm, sanction Lipinski for this frivolous

2

appeal, and remand for the district court to determine a reasonable attorney's fee for the defense of this appeal.

## I. BACKGROUND

In his amended complaint, Lapinski collaterally attacked judgments of the Florida courts. Lapinski complained that, in 2015, he sued the Association, attorney Guardiano, Daytona Beach, the County, and the State for allegedly stealing from condominium owners more than $76,000 to repaint a small parking lot and for allegedly giving kickbacks to contractors. Lapinski alleged that Judge William A. Parsons of the Seventh Judicial Circuit "denied or illegally ignored" the lawsuit for several months, issued "very erroneous orders," and held hearings that constituted "racketeering and corruption of Justice in violation of U.S. Code 470, RICO." According to Lipinski, Judge Parsons dismissed the action and declared Lipinski and his wife vexatious litigants because they filed "several serious causes of action . . . [involving] the illegal *foreclosure* of [his] condo" and $2 million in construction defects in the St. Croix condominiums. Lapinski alleged that the Association, the County, the "5[th] D[istrict] C[ourt] and 7th Circuit Court refused illegally . . . to litigate [the] major construction defects" and instead "collected a[] 'Special Assessment' of . . . $236,000.00, some of which [they] stole[]" and that Daytona Beach and the State issued a "premature, illegal Certificate of Occupancy" for the condominiums.

3

Lapinski also alleged that the Association, the County, and "individuals . . . crippled and disabled [him] permanently in the Volusia County Jail" and that the "D[istrict] C[ourt] refused to litigate this," which amounted to "a RICO violation." Lapinski further alleged that "there was corruption between [the] 5[th] D[istrict] C[ourt] and Circuit Court and Florida Attorneys"; the "Circuit Court refused all of Lapinski's many legal discovery motions . . . [but] always granted Defendants/Appellees 'fact information sheets'"; "dishonest judges in Circuit [Court] awarded $80,000 in fees [and] costs"; and the state courts "HATE Pro se litigants" and "collude to deny access to the Florida Courts" in violation of the Racketeer Act "and other Federal Statutes and Law."

The defendants moved to dismiss the complaint, and the Association also moved for sanctions, Fed. R. Civ. P. 11. The Association argued that Lipinski's complaint was frivolous and sought to relitigate suits he had already lost, and the Association requested that the district court sanction Lipinski, enjoin him from filing future pleadings without prior permission, and reimburse the Association for its attorney's fees. Attachments to the motion established that, in 2011, Lapinski filed a complaint in a Florida court alleging that the Association, the County, the State, and others committed theft and failed to repair construction defects; a Florida court dismissed the complaint with prejudice; and the state appellate court affirmed per curiam. The attachments also established that, in 2015, Lapinski

4

complained that attorney Guardiano, Daytona Beach, the Association, the County, and others were liable for defects in construction in the St. Croix condominiums, had collected illegal assessments, and had given kickbacks to contractors; that a Florida court dismissed the complaint with prejudice and identified the Lapinskis as "vexatious litigants"; and that the state appellate court affirmed. The Association also attached copies of similar actions that Lapinski had filed against another homeowners association and of a judgment of forfeiture in favor of that association.

The district court adopted the recommendations of a magistrate judge to dismiss Lapinski's amended complaint with prejudice and to sanction him. The district court ruled that Lapinski had filed his complaint in bad faith and gave the Association 30 days to submit a motion for attorney's fees. Lapinski filed a notice of appeal challenging the dismissal of his amended complaint.

The district court also adopted the recommendation of the magistrate judge to award the Association $5,365.75 in attorney's fees. Lapinski moved to stay the order awarding attorney's fees and to sanction the Association, but the district court denied the motion. Lapinski filed a similar motion to strike in this Court, which we also denied.

5

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review *de novo* the dismissal of a complaint for lack of jurisdiction based on the *Rooker-Feldman* doctrine, *Doe v. Fla. Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011), and the "dismissal of [a] civil RICO claim for failure to state a claim," *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). We review the imposition of sanctions for abuse of discretion. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). A district court abuses its discretion by imposing sanctions only if the ruling is contrary to the law or involves a clearly erroneous finding of fact. *Id.*

## III. DISCUSSION

Lapinski challenges the dismissal of his amended complaint based on the *Rooker-Feldman* doctrine and argues that he alleged viable "causes of action [for] negligence," violations of section 718.671 of the Florida Statutes and the Racketeer Act, and "breaches of warranties [and of the] St. Croix Condominium, Inc. . . . Declaration of Condominium." The State and the judges of the Seventh Circuit Court and the Fifth District Court respond that the district court correctly dismissed Lipinski's complaint because they were immune from liability and because he sought federal court review of state court judgments. And the Association and Volusia County defend the dismissal of Lapinski's claims against them based on the *Rooker-Feldman* doctrine and for failure to state a claim under the Racketeer

6

Act. We address in turn the parties' arguments and the frivolity of Lipinski's appeal.

Lapinski has abandoned any challenge that he could have made to the dismissal of his claims against the State, its courts, and its judges. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). Lipinski does not dispute that the State and its courts enjoy sovereign immunity under the Eleventh Amendment. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). Lapinski also does not dispute that the state court "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

The district court lacked jurisdiction to adjudicate claims that Lapinski litigated in the Florida courts. Under the *Rooker–Feldman* doctrine, a district court lacks subject matter jurisdiction to review the final judgment of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). Lipinski challenged the validity of the state court judgment in 2015 that dismissed claims against the Association and other defendants for the defective construction of the condominium, collecting illegal assessments, and giving kickbacks to contractors. The judgment that

rejected Lapinski's claims became final, under Florida law, when affirmed in a per curiam opinion issued by the District Court of Appeals. *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). And because the Supreme Court of Florida lacks jurisdiction to review a per curiam decision, *Wells v. State*, 132 So. 3d 1110, 1112–14 (Fla. 2014), the state proceeding had ended for purposes of determining jurisdiction under the *Rooker-Feldman* doctrine because "the highest state court in which review [was] available [had] affirmed . . . and nothing [was] left to be resolved," *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009). The claims that Lapinski raised in his amended complaint were "actually adjudicated by a state court" and could not be reviewed by the district court. *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018).

The *Rooker-Feldman* doctrine also deprived the district court of jurisdiction to adjudicate Lapinski's claims that the state courts "refused to litigate" his cases, denied his motions for discovery, were corrupt, and "collude[d] to deny [him] access to the Florida Courts." Success on these claims "would effectively nullify the state-court judgment[s]" or reveal "that the state court[s] wrongly decided the issues" in Lapinski's state court proceedings. *See id.* Lapinski's attacks on the state judiciary are subject to the *Rooker-Feldman* doctrine because they constitute "complain[ts] of injuries caused by state-court judgments rendered before the district court proceedings commenced and [an] invit[ation] . . . [to] review and

8

reject[] . . . those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To the extent that Lapinski alleged that the defendants violated the Racketeer Act, his complaint failed "to state a claim to relief that [was] plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under the Act, a plaintiff must allege that the defendants operated or managed an enterprise through a pattern of racketeering activity that included at least two racketeering acts. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). Such a claim must be plead with specificity, as required by Federal Rule of Civil Procedure 9(b), and identify "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff[]; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal*, 482 F.3d at 1316–17. Lapinski alleged no facts establishing that an enterprise existed, that the defendants engaged in a pattern of misconduct, or that they committed an act of racketeering. And Lapinski alleged no facts suggesting that he was defrauded by any defendant. Lipkinski's amended complaint, which contained only "naked assertions [that the defendants had committed racketeering and corruption and was otherwise] devoid of . . . factual enhancement," *Ashcroft*, 556 U.S. at 678, failed to plead a claim under the Act.

9

Lapinski argues, for the first time on appeal, that dismissal was inappropriate because he alleged a "cause[] of action [for] negligence," a violation of section 718.671 of the Florida Statutes, and "breaches of warranties" and of the "Declaration of Condominium," but we disagree. We will not consider new fact-intensive theories of liability that Lipinski never presented to the district court. *See Blue Martini Kendall, LLC v. Miami Dade Cty. Fla.*, 816 F.3d 1343, 1349 (11th Cir. 2016). Lapinski offers no excuse for failing to include the theories in his amended complaint.

The Association requests that we sanction Lapinski for pursuing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Id.* Because Lapinski's challenges to the dismissal of his amended complaint are "utterly devoid of merit," *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993), and he was sanctioned by the district court for filing a complaint that was "without warrant and frivolous" after the state court declared him a "vexatious litigant," we award to the Association double costs and reasonable attorney's fees incurred as a result of this appeal. We remand this action for the district court to determine the amount of attorney's fees reasonably incurred by the Association and to assess that amount against Lipinski.

Lipinski requests that we review the order awarding attorney's fees to the Association, but we lack jurisdiction to do so. Lipinski filed his notice of appeal before the district court awarded attorney's fees to the Association, so his notice of appeal did not encompass the award. *See LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 838 (11th Cir. 1998). Because Lipinski failed to file a notice of appeal that mentioned the order awarding attorney's fees or to amend his notice of appeal to include the order, we cannot review the order. *Id.* To the extent Lipinski requests by motion that we review the order, that motion is denied.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Lapinski's amended complaint, we **AWARD SANCTIONS** to the Association under Rule 38, and we **REMAND** for the district court to determine a reasonable fee for the defense of this appeal.