[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10618
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-62407-FAM

CECIL TOLBERT,

Petitioner - Appellant,

versus

STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

On November 22, 2017, Tolbert filed a pro se § 2254 petition, challenging his Florida convictions and sentence for: (1) armed kidnapping and (2) armed sexual battery on a victim over 12 years old.  In response, a magistrate judge issued a report and recommendation suggesting that the district court should *sua sponte* dismiss the petition as time-barred.  The district court eventually dismissed the petition as untimely.  Tolbert argues that the court improperly calculated the finality of his conviction by not accounting for his time to seek review in the Supreme Court of the United States on direct appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 petitions are governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  We have explained that the phrase "the expiration of the time for seeking such review" means the expiration of the time period for seeking review in the Supreme Court of the United States—which is 90 days after an appropriate appellate court's entry of judgment.  *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006); Sup. Ct. R. 13(1) & (3).  The one-year limitations period is tolled during periods when a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  The tolling period ends when the state's highest

2

court issues its mandate or denies review.  *Lawrence v. Florida*, 549 U.S. 327, 332 (2005).

We review de novo "a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)."  *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)).  Here, the district court miscalculated the finality of Tolbert's conviction by failing to properly account for his time to file for direct review in the Supreme Court of the United States.

The record indicates that Tolbert was convicted after a jury verdict on November 30, 2011, and was sentenced on January 6, 2012.  Tolbert filed his notice of appeal on January 18, 2012.  On May 1, 2013, Florida's Fourth District Court of Appeal affirmed his conviction and sentence.  Tolbert's motion for rehearing was denied by that court on June 7, 2013.  Tolbert sought review in the Florida Supreme Court.  That court denied review on August 16, 2013.  In its order denying review, the Florida Supreme Court indicated that it would not consider a motion for rehearing—but Tolbert filed such a motion anyway.  That motion was struck as unauthorized on September 30, 2013.

Tolbert argues that his conviction was not final until the Florida Supreme Court struck his motion for rehearing, but that argument does not matter in the end.  His application is timely even when calculated from the Florida Supreme Court's

3

initial order denying review on August 16, 2013.  Calculated from that date, Tolbert's "expiration of the time for seeking" direct review from the Supreme Court of the United States was November 14, 2013.  Tolbert had one year from that date to file his application.  *See* 28 U.S.C. § 2244(d)(1)(A).  But on September 16, 2014, Tolbert filed a Fla. R. Crim. P. 3.850 motion for state post-conviction relief, which tolled the one-year period.  *See id.* § 2244(d)(2).  As of that date, only 306 days had run from the one-year period.  Florida's Fourth District Court of Appeal did not issue its mandate affirming the trial court's denial of Tolbert's 3.850 motion until October 6, 2017.[1]  As of that date, Tolbert still had 59 days to file his § 2254 petition.  He filed his petition on November 22, 2017—or 47 days later.  His petition was thus timely.

Accordingly, we vacate the ruling below and remand Tolbert's petition to the district court.

**VACATE AND REMAND.**

---

[1] Because the Fourth District Court of Appeal made its decision in a per curiam, unwritten affirmance, the Florida Supreme Court lacked discretionary review jurisdiction.  *See Wells v. State*, 132 So. 3d 1110, 1113 (Fla. 2014).