[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13230

Non-Argument Calendar

_____

WILFREDO PEREIRA,

                                        Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01541-TPB-UAM

———————————

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Wilfredo Pereira appeals the district court's order denying his *pro se* motion under Federal Rule of Civil Procedure 60(b) seeking relief from the district court's order denying his *pro se* 28 U.S.C. § 2254 habeas corpus petition as untimely. Pereira was granted a certificate of appealability on a single issue: "Whether the district court abused its discretion in denying Pereira's Rule 60(b) motion, based on its conclusion that Pereira's 28 U.S.C. § 2254 petition was untimely because his direct appeal ended 30 days after the Florida Fifth District Court of Appeal entered its *per curiam* opinion affirming his conviction?"

Pereira argues that the district court incorrectly found that the Florida Supreme Court had jurisdiction to review the Florida Fifth District Court of Appeal's ("Fifth DCA") opinion, and that the district court therefore erroneously determined that Pereira's one-year deadline to file his § 2254 petition began running upon the expiration of the 30 days Pereira had to seek review of the Fifth DCA's decision before the Florida Supreme Court rather than upon the expiration of the 90 days that Pereira would have had to seek review before the U.S. Supreme Court.

"We typically review a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). But "[w]e review *de novo* a district

court's order dismissing a federal habeas petition as untimely" and "review its factual findings for clear error." *Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1235 (11th Cir. 2010); *see Farris*, 333 F.3d at 1216.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." *Id.* § 2244(d)(1)(A).

A judgment does not become "final" for the purposes of AEDPA's one-year limitation period until the defendant's conviction and sentence "bec[o]me final by the conclusion of direct review or the expiration of the time for seeking such review." *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (quoting 28 U.S.C. § 2244(d)(1)(A)). And "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). Thus, when an individual seeking review files a state motion for post-conviction relief, the AEDPA clock stops. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). "The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief." *Id.*

The U.S. Supreme Court may exercise jurisdiction over "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257. The "highest court of a State in which a decision could be had" is considered "the last state tribunal . . . to which the cause could be brought for review." *Gorman v. Washington Univ.*, 316 U.S. 98, 101 (1942). A party may not seek review of an intermediate state-court decision in the U.S. Supreme Court "where discretionary power to review exists in the highest court of the state" and the party has not given the highest state court the chance to exercise that discretion. *Stratton v. Stratton*, 239 U.S. 55, 56–57 (1915). A party has 90 days after the entry of judgment by a state court of last resort to file a petition for a writ of certiorari to the U.S. Supreme Court. Sup. Ct. R. 13.

The Florida Supreme Court's jurisdiction "extends only to the narrow class of cases enumerated in Article V, Section 3(b) of the Florida Constitution." *Gandy v. State*, 846 So. 2d 1141, 1143 (Fla. 2003) (quotation marks omitted). The Florida Constitution provides the Florida Supreme Court with discretionary jurisdiction to review district court of appeal decisions that "expressly and directly conflict[] with a decision of another [DCA] or of the [Florida Supreme] [C]ourt on the same question of law." Fla. Const. art. V., § 3(b)(3). Under this provision, the Florida Supreme Court has subject-matter jurisdiction to review a DCA decision if and only if the opinion "expressly addresses a question of law within the four corners of the opinion itself" by including "a statement or citation effectively establishing a point of law upon which the decision rests"

or "that hypothetically could create conflict if there were another opinion reaching a contrary result," regardless of whether a conflict actually exists. *The Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988); *see Gandy*, 846 So. 2d at 1143–44.

As a result, the Florida Supreme Court does not have subject-matter jurisdiction over DCA opinions that "fail[] to expressly address a question of law, such as [decisions] issued without opinion or citation" and unelaborated *per curiam* affirmances. *The Fla. Star*, 530 So. 2d at 288 n.3; *see Gandy*, 846 So. 2d at 1144. Nor does the Florida Supreme Court have subject-matter jurisdiction over DCA decisions "containing only a citation to other case law unless one of the cases cited as controlling authority is pending before [the Florida Supreme] Court, or has been reversed on appeal or review, or receded from by [the Florida Supreme] Court, or unless the citation explicitly notes a contrary holding of another [DCA] or of [the Florida Supreme] Court." *The Fla. Star*, 530 So. 2d at 288 n.3; *see Gandy*, 846 So. 2d at 1143.

Absent a qualifying citation, the Florida Supreme Court has subject-matter jurisdiction to review a DCA decision if the opinion "included some facts . . . so that the question of law addressed by the [DCA] in its decision [could] be discerned." *Persaud v. State*, 838 So. 2d 529, 532 (Fla. 2003); *see Gandy*, 846 So. 2d at 1144. A party seeking to invoke the discretionary jurisdiction of the Florida Supreme Court must "fil[e] a notice with the clerk of the [DCA] within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.120(b).

Here, the district court did not abuse its discretion in denying Pereira's Rule 60(b) motion because the court correctly determined that his § 2254 petition was untimely.  The Fifth DCA's opinion expressly resolved a question of law within its four corners by discussing facts from Pereira's case about the trial court's failure to enter a written competency order and resolving a procedural issue this raised by remanding for the entry of a *nunc pro tunc* written order declaring Pereira competent to proceed.  This means the Florida Supreme Court had discretionary jurisdiction to review the Fifth DCA's decision, and Pereira's one-year deadline to file his § 2254 petition began running upon the expiration of the 30 days Pereira had to seek review of the Fifth DCA's decision before the Florida Supreme Court.

As Pereira filed his § 2254 petition beyond this one-year deadline, the district court correctly dismissed it as untimely.  We therefore affirm the ruling of the district court.

**AFFIRMED.**