485 So.2d 829 (1986)
James REAVES, Petitioner,
v.
STATE of Florida, Respondent.
No. 66436.
Supreme Court of Florida.
April 3, 1986.
James H. Greason, Sp. Asst. Public Defender, Ft. Lauderdale, for petitioner.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
We accepted jurisdiction of Reaves v. State, 458 So.2d 53 (Fla.3d DCA 1984), based on asserted conflict with Nowlin v. State, 346 So.2d 1020 (Fla. 1977). Art. V, § 3(b)(3), Fla. Const. On closer examination, it is clear that there is no direct and express conflict and that review was improvidentially granted.
*830 The facts of the case are drawn from the district court opinion below. When first arrested following a lethal stabbing, petitioner received and invoked his Miranda[1] right to remain silent. When approached by a second officer shortly thereafter, petitioner agreed to talk and made several inculpatory admissions. Thereafter, petitioner received additional Miranda warnings enroute to and upon arrival at the police station and made another statement after the latter (fourth) Miranda warning. The trial court suppressed the statements as involuntary and the state was not permitted to use them in its case-in-chief. However, at trial, petitioner took the stand and testified contrary to the admissions he had made to the second police officer. Upon motion of the state, the trial court ruled that its earlier use of "involuntary" in suppressing the statements had been inadvertent and that the statements had been suppressed because the police had violated Miranda by persisting in their questioning after petitioner invoked his Miranda rights. Accordingly, the state was permitted to use the suppressed admissions to the second police officer to impeach petitioner's trial testimony.[2] The district court reviewed the record, recited the facts it found pertinent, and held that the admissions were voluntary, even though suppressible under Miranda from use in the case-in-chief, and that the trial court did not err in permitting their use in impeachment. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1974).
The district court decision correctly states and applies the law based on the facts given.[3] However, in dissent, Judge Hendry canvassed the record and concluded, contrary to the majority, that the statements were in fact involuntary and could not be used in impeachment. Petitioner is asking that we find conflict with Nowlin. In order to do so, it would be necessary for us either to accept the dissenter's view of the evidence and his conclusion that the statements were involuntary, or to review the record itself in order to resolve the disagreement in favor of the dissenter. Neither course of action is available under the jurisdiction granted by article V, section 3(b)(3) of the Florida Constitution. Conflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision. Neither a dissenting opinion nor the record itself can be used to establish jurisdiction. See Jenkins v. State, 385 So.2d 1356 (Fla. 1980), where we examined at length the effect of the 1980 constitutional amendment on our conflict jurisdiction. Having determined that there is no direct and express conflict, we deny the petition for review.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Petitioner claimed defense of others and testified at trial that he stabbed the victim in order to prevent him from harming a third person. This was contrary to his admission that he killed decedent in a fit of anger.
[3] This case illustrates a common error made in preparing jurisdictional briefs based on alleged decisional conflict. The only facts relevant to our decision to accept or reject such petitions are those facts contained within the four corners of the decisions allegedly in conflict. As we explain in the text above, we are not permitted to base our conflict jurisdiction on a review of the record or on facts recited only in dissenting opinions. Thus, it is pointless and misleading to include a comprehensive recitation of facts not appearing in the decision below, with citations to the record, as petitioner provided here. Similarly, voluminous appendices are normally not relevant.