PATTERSON, Judge.
Peter Creighton, Carol Creighton, and Peter Creighton, as personal representative of the Estate of Madeline Creighton (the Creightons), appeal from a final summary judgment in favor of State Farm Mutual Automobile Insurance Co. (State Farm) which determines the Creightons’ uninsured motorist (UM) liability limits to be $10,000 per person to a maximum of $20,000 per accident. We reverse.
On May 29,1987, McNamara & Associates, P.A. (McNamara), an accounting firm, applied to State Farm for a policy of automobile insurance to cover a 1987 Honda Accord. The application listed Peter Creighton, an employee of McNamara, as a driver. The policy provided limits for bodily injury of $100,000 per individual and $300,000 per accident. Pursuant to a written waiver, signed by an authorized officer of McNamara, the insured, the policy provided for UM limits of $10,000 per individual and $20,000 per accident.
On November 22, 1991, Peter Creighton leased a 1991 Infiniti in his own name and contacted State Farm for an insurance policy. McNamara applied to State Farm to transfer any policy credits on its policy to Peter Creighton. Rather than transfer the premium credits and membership fees to a new policy for Peter Creighton as the insured, State Farm made the following changes to the existing McNamara policy:
a- changed the owner of the policy from McNamara to Peter Creighton;
b- changed the billing address from McNamara’s business address to Peter Creighton’s home address; and
c- changed the insured vehicle from a 1987 Honda Accord to a 1991 Infiniti.
*1306 On August 7, 1994, the insured vehicle which Peter Creighton was driving was involved in an automobile accident with an uninsured motorist. Carol Creighton, Peter Creighton’s wife, who was pregnant, was a passenger in the vehicle. As a result of the accident, Madeline Creighton was born prematurely and died on August 8,1994.
The Creightons made demand on State Farm for UM benefits in the amount of $100,000 per individual and $800,000 per accident, equaling the bodily injury limits of the policy. Upon State Farm’s rejection, this action for declaratory relief followed. Both parties filed motions for summary judgment. The trial court granted State Farm’s motion — the effect being that the UM benefits were limited to $10,000/$20,000 in accord with McNamara’s initial rejection of higher limits. The court did not state the basis for its ruling.
Section 627.727(1), Florida Statutes (1991), requires UM coverage to equal bodily injury liability limits, unless a named insured makes a written rejection of UM coverage or selection of UM limits lower than the bodily injury liability coverage. Section 627.727(1) further provides that an insurer need not re-offer UM benefits to an insured who initially selected UM limits lower than the bodily injury limits when an intervening change in the policy occurs, unless there is a change in the bodily injury liability limits. This applies to “any other policy which renews, extends, changes, supersedes, or replaces an existing policy with the same bodily injury liability limits.” § 627.727(1), Fla. Stat. (1991).
Here, Peter Creighton leased a car in his own name and applied to State Farm for insurance. For internal bookkeeping purposes, State Farm changed the existing McNamara policy instead of issuing a new policy. Notwithstanding the mechanics State Farm employed, this is a new policy as to Peter Creighton, just as if the McNamara policy had been canceled and a new policy issued in Peter Creighton’s name. Peter Creighton was not a named insured of the McNamara policy. Peter Creighton did not waive or reject equal UM benefits under the McNamara policy, and Peter Creighton was not afforded the opportunity to, nor did he reject, equal benefits under this policy. Neither Peter Creighton nor his wife ever signed a waiver form advising them of any of the information the legislature deemed important.[1]
Therefore, we reverse and remand with instructions to enter judgment in the Creigh-tons’ favor.
CAMPBELL, A.C.J., and QUINCE, J., concur.

. Section 627.727(1), Florida Statutes (1991), requires:
The rejection or selection of lower limits shall be made on a form approved by the Insurance Commissioner. The form shall fully advise the applicant of the nature of the coverage and shall state that the coverage is equal to bodily injury liability limits unless lower limits are requested or the coverage is rejected. The heading of the form shall be in 12-point bold type and shall state: “You are electing not to purchase certain valuable coverage which protects you and your family or you are purchasing uninsured motorist limits less than your bodily injury liability limits when you sign this form. Please read carefully.''