POLSTON, J.,
dissenting.
I would discharge for lack of jurisdiction. This Court has explained that, in order for us to have jurisdiction under article V, section 3(b)(8) of the Florida Constitution, the “[cjonflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision.” Reaves v. State, 485 So.2d 829, 830 (Fla.1986). Here, the majority describes and quotes the factual circumstances of this case as detailed in the trial court’s order on cross motions for partial summary judgment. However, most of those specific details are not in-clúded within the four corners of the First District’s decision in this case. Because there are insufficient facts in the First District’s decision regarding the vehicle or vehicles involved and the contents of the relevant policies, I cannot determine whether the factual circumstances in this case are similar to the factual circumstances of Creighton v. State Farm Mut. Auto. Ins. Co., 696 So.2d 1305 (Fla. 2d DCA 1997). Accordingly, express and direct conflict does not appear within the four corners of the First District’s decision, and I respectfully dissent.
CANADY, J., concurs.