# Supreme Court of Florida

_____

No. SC13-54
_____

**KIMBERLY ANN MILES, et al.,**
Petitioners,

vs.

**DANIEL WEINGRAD, M.D.,**
Respondent.

[May 21, 2015]

PERRY, J.

Kimberly Ann Miles seeks review of Miles v. Weingrad (Miles II), 103 So.

3d 259 (Fla. 3d DCA 2012), on the basis that it expressly and directly conflicts

with Raphael v. Shecter, 18 So. 3d 1152 (Fla. 4th DCA 2009). We have

jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we quash

the decision on review.

## BACKGROUND

In 2002, Miles was diagnosed with melanoma. She received medical care,

and a cancerous tumor was removed from her leg in an outpatient procedure on

December 2, 2002. While she was told that the tumor had been completely

removed and no melanoma remained, she sought a second medical opinion from Dr. Daniel Weingrad, a surgical oncologist. Dr. Weingrad informed Miles that further surgery was warranted to ensure that the entire melanoma had been excised, and on January 31, 2003, Dr. Weingrad performed the surgical procedure. Postoperative test results showed that there had been no residual melanoma following Miles' December 2, 2002, surgical procedure. Furthermore, there were complications following the January 2003 surgery. First, Miles had to be hospitalized for four days to treat an infection, which did not completely resolve until April 2003. Additionally, Miles suffered from permanent swelling and excruciating pain and now has limited mobility—she can neither walk long distances nor stand for long periods of time.

In 2006, Miles, joined by her husband Jody Haynes, filed a lawsuit in which she alleged that due to Dr. Weingrad's surgical malpractice, Miles has suffered permanent injuries. Following the presentation of evidence, the jury returned a verdict for Miles and awarded her economic damages amounting to $16,104 and noneconomic damages for pain and suffering amounting to $1.45 million, and awarded her husband noneconomic damages for loss of consortium amounting to $50,000.

Dr. Weingrad moved to reduce the award of noneconomic damages to $500,000 pursuant to section 766.118(2), Florida Statutes (2003).[1]  The trial court denied Dr. Weingrad's motion, ruling  that "retroactive application of section 766.118(2)(a) is constitutionally impermissible."  Dr. Weingrad appealed.

In 2010, the Third District entered an opinion reversing the trial court's judgment and the jury award of noneconomic damages.  Weingrad v. Miles (Miles I), 29 So. 3d 406 (Fla. 3d DCA 2010).  In Miles I, the Third District held that it was constitutionally permissible to retroactively apply section 766.118 in Miles' case because she "had no vested right to a particular damage award and thus suffer[ed] no due process violation."  Id. at 416.  In doing so, the Third District rejected Miles' reliance on the Fourth District Court of Appeal's decision in Raphael, which had reached a contrary result.  See id. at 410-11.

On remand, the trial court entered a judgment for Miles based on the $500,000 statutory cap on noneconomic damages.  Miles appealed the trial court's judgment, seeking relief based on the assertion that Miles I conflicted with American Optical Corp. v. Spiewak, 73 So. 3d 120 (Fla. 2011).  Affirming the trial court's judgment, the Third District rejected Miles' claim that its earlier decision conflicted with this Court's Spiewak decision.  Miles II, 103 So. 3d at 259-60

---

1. Section 766.188(2), Florida Statutes was signed into law on August 14, 2003, with an effective date of September 15, 2003.

("Finding no conflict between our prior opinion in [Miles I], and the Supreme Court's opinion in [Spiewak], we affirm.").

Miles filed a notice to invoke the discretionary review of this Court in which she asserted that Miles II expressly and directly conflicts with both Spiewak and Raphael.

## DISCUSSION

### Standard of Review

The issue here concerns the retroactivity of a statutory amendment that limits noneconomic damages in a medical malpractice cause of action. Because the question here is a pure question of law, we review de novo. See Basulto v. Hialeah Auto., 141 So. 3d 1145, 1152 (Fla. 2014) (citing Aravena v. Miami-Dade Cnty., 928 So. 2d 1163, 1166 (Fla. 2006)).

### Jurisdiction

Dr. Weingrad argues that there is nothing in the Third District's one-sentence affirmance that provides this Court with jurisdiction under article V, section 3(b)(3), Florida Constitution. We disagree.

Under article V, section 3(b)(3), of the Florida Constitution, this Court has jurisdiction to review a decision of a district court of appeal that "expressly and directly conflicts with a decision of another district court of appeal or of [this Court] on the same question of law." Art. V, § 3(b)(3), Fla. Const. The decision

- 4 -

on review is not merely an unelaborated affirmance, but specifically relies on, and cites to, the decision in Miles I. Miles II, 103 So. 3d at 260 ("Finding no conflict between our prior opinion in [Miles I], and the Supreme Court's opinion in [Spiewak], we affirm.").

In Miles I, the Third District held that:

> Although the injury in the present case occurred in 2003, prior to the effective date of the amendment of section 766.118, because Appellees did not file their notice of intent to initiate litigation, file their complaint, or obtain a judgment prior to the enactment of the statute, they had at most a "mere expectation" or a prospect that they might recover damages of an indeterminate amount at an unspecified date in the future. The Appellees had no vested right to a particular damage award and thus suffer no due process violation with the application of the caps statute to their cause of action.

Miles I, 29 So. 3d at 416. Thus, Miles I and Miles II require that, in order to establish that a right vested before the statute became effective, a claimant bringing a personal injury action must have previously noticed his or her intent to bring such an action.

Contrarily, in Raphael, the Fourth District held that a "cause of action in a medical malpractice case accrues at the time the malpractice incident occurs." Raphael, 18 So. 3d at 1157. Because a plaintiff has a vested right to this cause of action, and retroactive application of the noneconomic damages cap would impair this vested right, the Fourth District held that retroactive application was

- 5 -

impermissible. Id. at 1158. This conflict was recognized by the Third District. See Miles I, 29 So. 3d at 415.

Because the Third and Fourth Districts have reached different conclusions on the same question of law, this Court has jurisdiction to resolve this important legal conflict regarding the requirements for bringing personal injury actions stemming from medical malpractice under Florida's negligence law.

**Merits**

To resolve the issue before us, we necessarily address the conflict that exists between the Third and Fourth District Courts of Appeal on this issue. In Raphael, the Fourth District concluded that the Legislature enacted section 766.118 with a clear intent to allow "the retroactive application of a new statute for 'bad faith actions against insurers.' " Raphael, 18 So. 3d at 1156.[2] Relying on State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995), the district court posited that whether section 766.118(4) is "substantive or procedural in nature is [the] issue that [was] determinative of [the] case." Raphael, 18 So. 3d at 1156. Citing to Clausell v. Hobart Corp., 515 So. 2d 1275 (Fla. 1987), the Raphael court stated that when a cause of action has not accrued "no one has a vested right in the common law, which the Legislature may substantively change

_____

2. The medical malpractice at issue in Raphael occurred on April 10, 2003.

- 6 -

prospectively." Raphael, 18 So. 3d at 1157. However, the Raphael court noted that the cause before it was reminiscent of the circumstances in Alamo Rent-A-Car v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994), in which this Court held that it is presumed that substantive statutes will not retrospectively apply to "impair or destroy existing rights." Raphael, 18 So. 3d at 1156.

Thus, the Raphael court concluded that section 766.118(4) may not be "retroactively enforced to impair the appellant's vested rights." Id. at 1157. The court further concluded that "[t]he cause of action in a medical malpractice case accrues at the time the malpractice incident occurs." Id. at 1157-58 (citing § 95.111(4)(b), Fla. Stat. (2002); Patient's Comp. Fund v. Scherer, 558 So. 2d 411, 414 (Fla. 1990)). Accordingly, the Fourth District reversed the trial court's judgment and remanded the case for further proceedings consistent with its holding that the retroactive application of section 766.118(4) was an impairment of the appellant's substantive rights which accrued and vested on a date prior to the effective date of the statute. Id. at 1158.

After the Fourth District issued its decision in Raphael, the Third District reached the opposite conclusion. In Miles I, the Third District determined that because the statutory provision was substantive in nature, its analysis would turn on the questions of legislative intent and constitutionality. Miles I, 29 So. 3d at 410. Indeed, the Third District determined that the Legislature's intent to apply

section 766.118 retroactively was clear and unambiguous.  Id.  Furthermore, the

Third District specifically rejected Miles' reliance on Raphael, which rejected

retroactive application of a statute that lacked legislative language that provided for

retroactive application.  Id. at 410-11.  The Third District acknowledged that

precedent from this Court "has refused to apply the statute retroactively if it

impairs vested rights, creates new obligations or imposes new penalties."  Id. at

411 (citing Laforet, 658 So. 2d at 61).

The Third District concluded, however, that our decision in Clausell is

controlling on the subject of whether retroactive application of a statute is

constitutional.  Id.  Consequently, the Third District criticized the Raphael court for

ignoring our holding in Clausell.  Id. at 415.  Accordingly, the Third District held:

> Although the injury in the present case occurred in 2003, prior
> to the effective date of the amendment of section 766.118, because
> Appellees did not file their notice of intent to initiate litigation, file
> their complaint, or obtain a judgment prior to the enactment of the
> statute, they had at most a "mere expectation" or a prospect that they
> might recover damages of an indeterminate amount at an unspecified
> date in the future.  The Appellees had no vested right to a particular
> damage award and thus suffer no due process violation with the
> application of the caps statute to their cause of action.  We therefore
> reverse the trial court's order denying Dr. Weingrad's motion to apply
> the statutory cap to the Appellees' noneconomic damages.

Id. at 416.

Both the Third District and the Fourth District cited our decisions in Old

Port Cove Holdings, Inc. v. Old Port Cove Condominium Association One, Inc.,

- 8 -

986 So. 2d 1279 (Fla. 2008), and <u>Metropolitan Dade County v. Chase Federal Housing Corporation</u>, 737 So. 2d 494 (Fla. 1999), as establishing the analysis necessary when courts must determine if a given statute may be retroactively applied. <u>See</u> <u>Miles I</u>, 29 So. 3d at 409 ("Determining whether a statute may be retroactively applied requires consideration of whether the statute expresses the intent for retrospective application and if so, whether the retroactive application is constitutional."); <u>Raphael</u>, 18 So. 3d at 1155 (same proposition). However, the Third District determined that our holding in <u>Clausell</u> is controlling on the subject of a litigant's vested rights. <u>Miles I</u>, 29 So. 3d at 411.

We find that the Third District misunderstood our holding in <u>Clausell</u> by stating that "the retroactive application of a statute did not violate due process because the plaintiff had no vested right." <u>Id.</u> at 409. Instead, we determined that <u>Clausell</u> "had no vested right in his cause of action," because the statute that predated his cause of action was temporarily invalidated by our decision in <u>Battilla v. Allis Chalmers Manufacturing Co.</u>, 392 So. 2d 874 (Fla. 1980); however, the statute was subsequently reinstated when we receded from <u>Battilla</u> in <u>Pullum v. Cincinnati, Inc.</u>, 476 So. 2d 657 (Fla. 1985). <u>Clausell</u>, 515 So. 2d at 1276. Therefore, in <u>Clausell</u>, we were not addressing the retroactive application of a substantive statute that affected the litigant's vested right in a cause of action. <u>See</u> <u>Miles I</u>, 29 So. 3d at 417 (Cope, J., dissenting) ("The majority opinion relies on

- 9 -

[Clausell], but that case is inapplicable.  Clausell involved the retroactive application of a judicial decision, not the retroactive application of a statute.").

Thus, we necessarily agree with the conclusion drawn in Raphael that was premised on our precedent in Scherer, stating that "[t]he cause of action in a medical malpractice case accrues at the time the malpractice incident occurs." Raphael, 18 So. 3d at 1157-58; cf. Spiewak, 73 So. 3d at 128.  Therefore, we approve Raphael and disapprove the rationale in Miles I and quash the decision in Miles II.

The facts in the present case show that Miles underwent the unnecessary surgical procedure in January 2003, which has been undisputedly adjudged as malpractice by Dr. Weingrad.  Notably, section 766.118 became effective on September 15, 2003.  Therefore, Miles' cause of action accrued more than seven months before the "legislation capping noneconomic damages in medical malpractice actions went into effect." Miles I, 29 So. 3d at 408.  Our precedent establishes that, generally, a litigant's substantive and vested rights may not be infringed upon by the retroactive application of a substantive statute.  Laforet, 658 So. 2d at 61 ("The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively. . . .  Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has

- 10 -

refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." (citations omitted)). Accordingly, we quash the decision entered below.

## CONCLUSION

For the foregoing reasons, we quash the Third District's decision in Miles II, disapprove Miles I, approve Raphael, and remand with instructions that the original final judgment be reinstated.

It is so ordered.

LABARGA, C.J., and PARIENTE and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion, in which LABARGA, C.J., concurs.
LEWIS, J., concurs in result.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring.

I join the Court's opinion, which correctly concludes that a plaintiff has a vested right to file a medical malpractice cause of action that accrues when the malpractice incident occurs, and, therefore, that retroactive application of the non-economic damages cap to a cause of action that accrued prior to the effective date of the cap is impermissible. I write separately to elaborate as to why the majority properly exercises jurisdiction to decide this issue and to respond to the dissent's contrary position.

- 11 -

Under article V, section 3(b)(3), of the Florida Constitution, this Court is vested with jurisdiction to review a decision of a district court of appeal that "expressly and directly conflicts with a decision of another district court of appeal or of [this Court] on the same question of law." Art. V, § 3(b)(3), Fla. Const. There is no dispute that our precedent establishes a requirement that the conflict must "appear within the four corners of the majority decision." Reaves v. State, 485 So. 2d 829, 830 (Fla. 1986).

However, the "four corners" rule articulated in Reaves, which the dissent cites as among the factors precluding this Court's review here, is inapplicable to the jurisdictional issue presented in this case. Specifically, without need to resort to any facts outside the "four corners" of the Third District Court of Appeal's opinion in Miles v. Weingrad (Miles II), 103 So. 3d 259 (Fla. 3d DCA 2012), it is possible to clearly ascertain conflict between Miles II, along with its predecessor case, Weingrad v. Miles (Miles I), 29 So. 3d 406 (Fla. 3d DCA 2010), and the Fourth District Court of Appeal's decision in Raphael v. Shecter, 18 So. 3d 1152 (Fla. 4th DCA 2009), on a pure question of law: whether a plaintiff has a vested right to file a medical malpractice cause of action that accrued prior to the enactment of the statutory limitation on non-economic damages.

This principle of law that forms the basis for this Court's conflict jurisdiction can be established from the "four corners" of the Third District's

majority opinion in Miles II. Miles II references and cites to Miles I—Miles II is not, as the Court notes, simply an unelaborated affirmance that contains no information. See majority op. at 4-5. Upon reading Miles II and then Miles I, which Miles II cites, the inter-district conflict with Raphael is apparent.

Indeed, the Third District actually recognized this conflict in Miles I by discussing and disagreeing with the Fourth District's decision in Raphael. See Miles I, 29 So. 3d at 410-11 ("[W]e specifically reject the reliance by Appellees, the amicus curiae, and the Fourth District in Raphael v. Shecter, 18 So. 3d 1152, 1156 (Fla. 4th DCA 2009), on cases rejecting retrospective application of a statute, where the statute in question contained no legislative language providing for the statute to apply retrospectively."); id. at 415 ("In Raphael, the Fourth District ignores the Florida Supreme Court's holdings in Clausell [v. Hobart Corp., 515 So. 2d 1275 (Fla. 1987)], equates the vesting of rights to when a cause of action accrues, and provides no analysis or authority for its conclusion that because the facts giving rise to Raphael's medical malpractice action occurred prior to the enactment of the statute, the statute could not be applied to him because his rights had already vested."). Further, this conflict has since been recognized by, and extended to, the First District Court of Appeal. See Fitchner v. LifeSouth Cmty. Blood Ctrs., Inc., 88 So. 3d 269, 281 n.3 (Fla. 1st DCA 2012) (stating that, to the extent the issue in that case turned on the existence of a vested right to assert the

- 13 -

cause of action, the First District "agree[d] with the decision of the Fourth District in Raphael and Judge Cope's dissenting opinion in [Miles I]," despite the "Third District reach[ing] the opposite conclusion in [Miles I]").

The dissent asserts that this Court lacks jurisdiction because Miles II "contains no statement establishing a point of law upon which it rests" and equates this case to the type of unelaborated denial of relief over which this Court does not have jurisdiction. Dissenting op. at 18-19. I disagree.

Contrary to the dissent's contention, Miles II is not the equivalent of an "unelaborated" opinion that contains no indication that the district court "expressly address[ed] a question of law." See id. at 19 (citing Gandy v. State, 846 So. 2d 1141, 1143 (Fla. 2003)). If it were, the petition for discretionary review would have been administratively dismissed under Gandy and this Court's case law, summarized in Wells v. State, 132 So. 3d 1110 (Fla. 2014), that grants the Clerk of this Court the authority to dismiss petitions for review in which conflict jurisdiction is an impossibility.

Instead, the basis for exercising jurisdiction in this case is analogous to the basis for accepting jurisdiction in Del Valle v. State, 80 So. 3d 999, 1002 (Fla. 2011), which quashed the Third District's decision in Del Valle v. State, 994 So. 2d 425 (Fla. 3d DCA 2008). The entirety of the Third District's decision in Del Valle was the statement, "Affirmed," with a citation to another Third District case

- 14 -

and an explanatory parenthetical that simply quoted a sentence from the cited authority. Yet, upon reading the cited Third District authority, conflict with decisions of other district courts of appeal was clear, and this Court, without dissent as to the jurisdictional issue, accepted review to address the decisional conflict.

Just as in Del Valle, Miles II cites to another Third District case. And, just as in Del Valle, it is clear upon review of both the original case and the cited case that conflict with other district court decisions exists. The conflict is not simply between Miles I and Raphael, but also Miles II—which reaffirms Miles I—and Raphael. Therefore, we are not, as the dissent suggests, "reexamin[ing] a case cited in a per curiam decision to determine if the contents of that case now conflict with other appellate decisions." Dodi Publ'g Co. v. Editorial Am., S.A., 385 So. 2d 1369, 1369 (Fla. 1980). We are, instead, addressing a conflict that has existed since Miles I was decided and that was reaffirmed in Miles II.

Because Miles II consists of more than a one-word disposition, such as "Affirmed," with an unelaborated citation, Miles II does contain a statement establishing a point of law upon which the decision rests—the Third District "f[ound] no conflict between [its] prior opinion in [Miles I] and [this Court's] opinion in American Optical Corp. v. Spiewak, 73 So. 3d 120 (Fla. 2011)." Miles II, 103 So. 3d at 260-61. Whether that statement of law is correct or not, it is a

- 15 -

statement that establishes the point of law upon which the Third District decided Miles II.

Simply put, the Third District in Miles II affirmed the trial court because, in the Third District's estimation, the trial court's decision was consistent with Miles I, and the Third District determined that Miles I was not inconsistent with Spiewak. We know this because the Third District told us so. It did not simply state that the trial court was "Affirmed" and cite to a case without providing any explanation. Accordingly, in my view, the dissent is unsuccessful in attempting to distinguish Del Valle on the basis that the Third District's decision "contains no statement establishing a point of law upon which it rests." Dissenting op. at 18.

In conclusion, to ascertain the existence of conflict, there is no need to look to the record, to a dissenting opinion, or to any facts not contained within the "four corners" of the Third District's majority opinion. Because the principle of law established in both Miles I and Miles II is in clear conflict with Raphael, jurisdiction is proper on that basis.

LABARGA, C.J., concurs.

CANADY, J., dissenting.

The entirety of the Third District's decision before us for review reads: "Finding no conflict between our prior opinion in Weingrad v. Miles [(Miles I)], 29 So. 3d 406 (Fla. 3d DCA 2010), and the Supreme Court's opinion in American

- 16 -

Optical Corp. v. Spiewak, 73 So. 3d 120 (Fla. 2011), we affirm." Miles v. Weingrad (Miles II), 103 So. 3d 259, 259-60 (Fla. 3d DCA 2012). The majority has granted review on the ground that this decision expressly and directly conflicts with Raphael v. Shecter, 18 So. 3d 1152 (Fla. 4th DCA 2009). I disagree.

Under article V, section (3)(b)(3) of the Florida Constitution, this Court "[m]ay review any decision of a district court of appeal . . . that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." For the exercise of jurisdiction under this provision, the "[c]onflict between decisions must be express and direct, i.e., it must appear within the four corners of the majority decision." Reaves v. State, 485 So. 2d 829, 830 (Fla. 1986). In "cases where the district court has not explicitly identified a conflicting decision, it is necessary for the district court to have included some facts in its decision so that the question of law addressed by the district court in its decision can be discerned by the Court." Gandy v. State, 846 So. 2d 1141, 1144 (Fla. 2003) (quoting Persaud v. State, 838 So. 2d 529, 532 (Fla. 2003)). We do not have jurisdiction to review cases "that merely affirm with citations to cases not pending review in this Court[,]" id. at 1143 (quoting Persaud, 838 So. 2d at 531-32), and have not "expressly addressed a question of law within the four corners of the opinion itself [,]" id. at 1144 (quoting Florida Star v. B.J.F., 530 So. 2d 286, 288 (Fla. 1988)).

- 17 -

This well-established law is irreconcilably at odds with the majority's decision to exercise jurisdiction here. No actual conflict with <u>Raphael</u> is discernible from the Third District's one-sentence decision in <u>Miles II</u>. Neither of the cases mentioned in the decision are pending review in this Court. The decision contains no statement establishing a point of law upon which it rests. It is this fact that distinguishes this case from <u>Del Valle v. State</u>, 80 So. 3d 999 (Fla. 2011), on which the concurrence relies to establish the basis for accepting jurisdiction here.

The entirety of the district court's opinion in <u>Del Valle</u> reads:

> Affirmed. <u>See</u> <u>Gonzales v. State</u>, 909 So. 2d 960, 960 (Fla. 3d DCA 2005) ("If the probationer's defense is inability to pay, 'it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so.' § 948.06(5), Fla. Stat. (2004)").

<u>Del Valle v. State</u>, 994 So. 2d 425, 425 (Fla. 3d DCA 2008), <u>decision quashed</u>, 80 So. 3d 999 (Fla. 2011). Unlike the district court's opinion in <u>Miles II</u>, the district court's opinion in <u>Del Valle</u> stated a conclusion on a particular question of law, i.e., whether a probationer asserting a defense of inability to pay restitution or costs of supervision has the burden to establish by clear and convincing evidence that he or she does not have the resources to pay despite having made sufficient bona fide efforts to acquire such resources. It was not necessary to read the <u>Gonzales</u> case in order to ascertain the conflict between <u>Del Valle</u> and the other district court cases

with which we found conflict. The decision in Miles II, however, is more akin to the unelaborated denials of relief considered in Gandy, in that no conclusion on a question of law is stated within the opinion itself.

The existence of conflict jurisdiction here depends on whether there is conflict between Miles II and Raphael, not whether there is conflict between Miles I and Raphael. In Dodi Publishing Co. v. Editorial America, S.A., 385 So. 2d 1369, 1369 (Fla. 1980), we recognized that "the issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court before us for review, not whether there is conflict in a prior written opinion which is now cited for authority." The majority's decision here flies in the face of the unambiguous holding of Dodi. By exercising the Court's discretionary jurisdiction based on a conflict between Miles I and Raphael, the majority disregards the constitutional requirement that the conflict be express and direct and ignores our long-standing precedent requiring that the conflict appear within the four corners of the majority decision and recognizing that this Court has no "subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law . . . ." Gandy, 846 So. 2d at 1143 (quoting Florida Star, 530 So. 2d at 288 n.3).

Since it cannot be said that the decision in Miles II expressly addresses a question of law within the four corners of the opinion itself, and because no

conflict with <u>Raphael</u> appears within the four corners of <u>Miles II</u>, there is no basis for exercising this Court's jurisdiction. The case should be discharged.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

 Third District - Case No. 3D12-779

 (Miami-Dade County)

Robert Steven Glazier of the Law Office of Robert S. Glazier, Miami, Florida; Alejandro Alvarez of the Alvarez Law Firm, Coral Gables, Florida; and Philip Mead Burlington of Burlington & Rockenbach, P.A., West Palm Beach, Florida,

 for Petitioners

Mark Hicks, Dinah Stein, and Shannon Kain of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, Florida; and Bruce McLaren Stanley of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, Florida,

 for Respondent

Thomas Stoneham Edwards, Jr. of Edwards & Ragatz, P.A., Jacksonville, Florida,

 for Amicus Curiae Florida Justice Association