PARIENTE, J.,
concurring.
I join the Court’s opinion, which correctly concludes that a plaintiff has a vested right to file a medical malpractice cause of action that accrues when the malpractice incident occurs, and, therefore, that retroactive application of the non-economic damages cap to a cause of action that accrued prior to the effective date of the cap is impermissible. I write separately to elaborate as to why the majority properly exercises jurisdiction to decide this issue- and to respond to the dissent’s contrary position.
Under article V, section 3(b)(3), of the Florida Constitution, this Court is vested with jurisdiction to review a decision of a district court of appeal that “expressly and directly conflicts with a decision of another district court of appeal or of [this Court] on the same question of law.” Art. V, § 3(b)(3), Fla. Const. There is no dispute that our precedent establishes a requirement that the conflict must “appear within the four corners of the majority decision.” Reaves v. State, 485 So.2d 829, 830 (Fla.1986).
However, the “four corners” rule articulated in Reaves, which the dissent cites as among the factors precluding this Court’s review here, is inapplicable to the jurisdictional issue presented in this case. Specifically, without need to resort to any facts outside the “four corners” of the Third District Court of Appeal’s opinion in Miles v. Weingrad {Miles II), 103 So.3d 259 (Fla. 3d DCA 2012), it is possible to clearly ascertain conflict between Miles II, along *1214 with its predecessor case, Weingrad v. Miles (Miles I), 29 So.3d 406 (Fla. 3d DCA 2010), and the Fourth District Court of Appeal’s decision in Raphael v. Shecter, 18 So.3d 1152 (Fla. 4th DCA 2009), on a pure question of law: whether a plaintiff has a vested right to file a medical malpractice cause of action that accrued prior to the enactment of the statutory limitation on non-economic damages.
This principle of law that forms the basis for this Court’s conflict jurisdiction can be established from the “four corners” of the Third District’s majority opinion in Miles II. Miles II references and cites to Miles I — Miles II is not, as the Court notes, simply an unelaborated affirmance that contains no information. See majority op. at 1210. Upon reading Miles II and then Miles I, which Miles II cites, the inter-district conflict with Raphael is apparent.
Indeed, the Third District actually recognized this conflict in Miles I by discussing and disagreeing with the Fourth District’s decision in Raphael. See Miles I, 29 So.3d at 410-11 (“[W]e specifically reject the reliance by Appellees, the amicus curiae, and the Fourth District in Raphael v. Shecter, 18 So.3d 1152, 1156 (Fla. 4th DCA 2009), on cases rejecting retrospective application of a statute, where the statute in question contained no legislative language providing for the statute to apply retrospectively.”); id. at 415 (“In Raphael, the Fourth District ignores the Florida Supreme Court’s holdings in Clausell [v. Hobart Corp., 515 So.2d 1275 (Fla.1987) ], equates the vesting of rights to when a cause of action accrues, and provides no analysis or authority for its conclusion that because the facts giving rise to Raphael’s medical malpractice action occurred prior to the enactment of the statute, the statute could not be applied to him because his rights had already vested.”). Further, this conflict has since been recognized by, and extended to, the First District Court of Appeal. See Fitchner v. LifeSouth Cmty. Blood Ctrs., Inc., 88 So.3d 269, 281 n. 3 (Fla. 1st DCA 2012) (stating that, to the extent the issue in that case turned on the existence of a vested right to assert the cause of action, the First District “agree[d] with the decision of the Fourth District in Raphael and Judge Cope’s dissenting opinion in [Miles /],” despite the “Third District reaching] the opposite conclusion in [Miles I]”).
The dissent asserts that this Court lacks jurisdiction because Miles II “contains no statement establishing a point of law upon which it rests” and equates this case to the type of unelaborated denial of relief over which this Court does not have jurisdiction. Dissenting op. at 1216. I disagree.
Contrary to the dissent’s contention, Miles II is not the equivalent of an “unela-borated” opinion that contains no indication that the district court “expressly address[ed] a question of law.” See id. at 1216 (citing Gandy v. State, 846 So.2d 1141, 1143 (Fla.2003)). If it were, the petition for discretionary review would have been administratively dismissed under Gandy and this Court’s case law, summarized in Wells v. State, 132 So.3d 1110 (Fla.2014), that grants the Clerk of this Court the authority to dismiss petitions for review in which conflict jurisdiction is an impossibility.
Instead, the basis for exercising jurisdiction in this case is analogous to the basis for accepting jurisdiction in Del Valle v. State, 80 So.3d 999, 1002 (Fla.2011), which quashed the Third District’s decision in Del Valle v. State, 994 So.2d 425 (Fla. 3d DCA 2008). The entirety of the Third District’s decision in Del Valle was the statement, “Affirmed,” with a citation to another Third District case and an explan *1215 atory parenthetical that simply quoted a sentence from the cited authority. Yet, upon reading the cited Third District authority, conflict with decisions of other district courts of appeal was clear, and this Court, without dissent as to the jurisdictional issue, accepted review to address the decisional conflict.
Just as in Del Valle, Miles II cites to another Third District case. And, just as in Del Valle, it is clear upon review of both the original case and the cited case that conflict with other district court decisions exists. The conflict is not simply between Miles I and Raphael, but also Miles II— which reaffirms Miles I — and Raphael. Therefore, we are not, as the dissent suggests, “reexaminflng] a case cited in a per curiam decision to determine if the contents of that case now conflict with other appellate decisions.” Dodi Publ’g Co. v. Editorial Am., S.A, 385 So.2d 1369, 1369 (Fla.1980). We are, instead, addressing a conflict that has existed since Miles I was decided and that was reaffirmed in Miles II.
Because Miles II consists of more than a one-word disposition, such as “Affirmed,” with an unelaborated citation, Miles II does contain a statement establishing a point of law upon which the decision rests — the Third District “Round] no conflict between [its] prior opinion in [Miles I ] and [this Court’s] opinion in American Optical Corp. v. Spiewak, 73 So.3d 120 (Fla.2011).” Miles II, 103 So.3d at 260-61. Whether that statement of law is correct or not, it is a statement that establishes the point of law upon which the Third District decided Miles II.
Simply put, the Third District in Miles II affirmed the trial court because, in the Third District’s estimation, the trial court’s decision was consistent with Miles I, and the Third District determined that Miles I was not inconsistent with Spiewak. We know this because the Third District told us so. It did not simply state that the trial court was “Affirmed” and cite to a case without providing any explanation. Accordingly, in my view, the dissent is unsuccessful in attempting to distinguish Del Valle on the basis that the Third District’s decision “contains no statement establishing a point of law upon which it rests.” Dissenting op. at 1216.
In conclusion, to ascertain the existence of conflict, there is no need to look to the record, to a dissenting opinion, or to any facts not contained within the “four corners” of the Third District’s majority opinion. Because the principle of law established in both Miles I and Miles II is in clear conflict with Raphael, jurisdiction is proper on that basis.
LABARGA, C.J., concurs.