CANADY, J.,
dissenting.
The entirety of the Third District’s decision before us for review reads: “Finding no conflict between our prior opinion in Weingrad v. Miles [ {Miles I) ], 29 So.3d 406 (Fla. 3d DCA 2010), and the Supreme Court’s opinion in American Optical Corp. v. Spiewak, 73 So.3d 120 (Fla.2011), we affirm.” Miles v. Weingrad {Miles II), 103 So.3d 259, 259-60 (Fla. 3d DCA 2012). The majority has granted review on the ground that this decision expressly and directly conflicts with Raphael v. Sheeter, 18 So.3d 1152 (Fla. 4th DCA 2009). I disagree.
Under article V, section 3(b)(3) of the Florida Constitution, this Court “[m]ay review any decision of a district court of appeal ... that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.” For the exercise of jurisdiction under this provision, the “[c]onflict between decisions must be *1216 express and direct, i.e., it must appear within the four corners of the majority decision.” Reaves v. State, 485 So.2d 829, 830 (Fla.1986). In “cases where the district court has not explicitly identified a conflicting decision, it is necessary for the district court to have included some facts in its decision so that the question of law addressed by the district court in its decision can be discerned by the Court.” Gandy v. State, 846 So.2d 1141, 1144 (Fla.2003) (quoting Persaud v. State, 838 So.2d 529, 532 (Fla.2003)). We do not have jurisdiction to review cases “that merely affirm with citations to cases not pending review in this Court[,]” id. at 1143 (quoting Persaud, 838 So.2d at 531-32), and have not “expressly addressed a question of law within the four corners of the opinion itself[,]” id. at 1144 (quoting Florida Star v. B.J.F., 530 So.2d 286, 28.8 (Fla.1988)).
This well-established law is irreconcilably at odds with the majority’s decision to exercise jurisdiction here. No actual conflict with Raphael is discernible from the Third District’s one-sentence decision in Miles II. Neither of the cases mentioned in the decision are pending review in this Court. The decision contains no statement establishing a point of law upon which it rests. It is this fact that distinguishes this ease from Del Valle v. State, 80 So.3d 999 (Fla.2011), on which the concurrence relies to establish the basis for accepting jurisdiction here.
The entirety of the district court’s opinion in Del Valle reads:
Affirmed. See Gonzales v. State, 909 So.2d 960, 960 (Fla. 3d DCA 2005) (“If the probationer’s defense is inability to pay, ‘it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so.’ § 948.06(5), Fla. Stat. (2004)”).
Del Valle v. State, 994 So.2d 425, 425 (Fla. 3d DCA 2008), decision quashed, 80 So.3d 999 (Fla.2011). Unlike the district court’s opinion in Miles II, the district court’s opinion in Del Valle stated a conclusion on a particular question of law, i.e., whether a probationer asserting a defense of inability to pay restitution or costs of supervision has the burden to establish by clear and convincing evidence that he or she does not have the resources to pay despite having made sufficient bona fide efforts to acquire such resources. It was not necessary to read the Gonzales'case in order to ascertain the conflict between Del Valle and the other district court cases with which we found conflict. The decision in Miles II, however, is more akin to the unelaborated denials of relief considered in Gandy, in that no conclusion on a question of law is stated within the opinion itself.
The existence of conflict jurisdiction here depends on whether there is conflict between Miles II and Raphael, not whether there is conflict between Miles I and Raphael. In Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369, 1369 (Fla.1980), we recognized that “the issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court before us for review, not whether there is conflict in a prior written opinion which is now cited for authority.” The majority’s decision here flies in the face of the unambiguous holding of Dodi. By exercising the Court’s discretionary jurisdiction based on a conflict between Miles I and Raphael, the majority disregards the constitutional requirement that the conflict be express and direct and ignores our long-standing precedent requiring that the conflict appear within the four corners of the majority decision and recognizing that this Court *1217 has no “subject-matter jurisdiction over a district court opinion that fails to expressly address a question of law....” Gandy, 846 So.2d at 1148 (quoting Florida Star, 580 So.2d at 288 n. 3).
Since it cannot be said that the decision in Miles II expressly addresses a question of law within the four corners of the opinion itself, and because no conflict with Raphael appears within the four corners of Miles II, there is no basis for exercising this Court’s jurisdiction. The case should be discharged.
POLSTON, J., concurs.